[S. F. No. 1139.  Department Two.—June 20, 1898.]

NICOLA FERREA, Appellant, v. ELLEN A. CHABOT, Executrix et al., Respondents.

TRIAL—WAIVER OF JURY—RELIEF FROM STIPULATION—DISCRETION.—As a general rule, a party should be relieved from a stipulation waiving a jury, when the same can be done without injury to either party, and without disarranging the orderly conduct of the business of the court; and such a stipulation should not be looked upon as a contract made upon a valuable consideration, which ought not to be set aside except upon proof of fraud or mistake, etc.  But the court has a discretion in the matter, and its order refusing to set aside the stipulation will not be disturbed when no gross abuse of discretion appears.

ID.—REFUSAL OF RELIEF NOT CONCLUSIVE—TRIAL BY COURT IN ANOTHER DEPARTMENT—WAIVER.—The refusal of relief from a stipulation waiving a jury in one department of the superior court is not conclusive against an application for a jury trial in another department where the case is to be tried, especially where other reasons may be urged for avoiding the stipulation; nor is the discretion exercised by one judge in refusing relief from the stipulation conclusive against a different exercise of discretion by another judge before whom the case is tried; and if it is tried before such other judge without objection, and without any application for a jury trial before him, the right of trial by jury is finally waived, and cannot be considered as denied.

BREACH OF CONTRACT—WATER SUPPLY—UNLIQUIDATED DAMAGES—INTEREST.—In an action for damages for breach of covenants in a contract to lay pipes and supply water for irrigation and domestic use, where it appears from the complaint and from the nature of the action that the damages sought to be recovered are unliquidated and uncertain, and are not capable of being made certain by calculation within the meaning of section 3287 of the Civil Code, interest thereon cannot be recovered prior to judgment under the provisions of that section.

ID.—CONSTRUCTION OF CONTRACT—LEASE—AFTER-ACQUIRED LAND.—A contract to supply water on certain premises owned by the plaintiff at the date of the contract is confined to those premises, and does not extend to other property leased therewith by the plaintiff to a tenant, nor to any other land acquired by the plaintiff after the date of the contract, and evidence offered to show damage to such other property is properly excluded.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, for Appellant.

Hilborn & Hall, for Respondents.

McFARLAND, J.—This action is brought to recover damages for the alleged violation of a written contract entered into on the third day of February, 1870, between plaintiff and one A. Chabot, by which Chabot covenanted to supply the plaintiff with certain water for domestic and irrigating purposes. Chabot afterward made a certain assignment and transfer to the Vallejo City Water Company, which is also made a party defendant, and it is admitted that the company is liable upon said contract to the same extent as Chabot. Chabot died during the pendency of the action, and Hiram Tubbs and Ellen A. Chabot, executor and executrix of his will, were substituted in his place as defendants. The court below made its findings and rendered judgment in favor of the plaintiff for damages in the amount of four thousand eight hundred dollars and costs, but without interest prior to the date of the judgment. Plaintiff, being dissatisfied with the amount of the judgment, and claiming that it should have been for a larger amount, appeals from the judgment and from an order denying his motion for a new trial.

Counsel for appellant have in their brief presented their side of the case in a very systematic, clear, and able manner, but, after having given full consideration to their arguments, we are not able to see any sufficient reasons for reversing the judgment. If we do not notice in detail all the views set forth by counsel for appellant, it is not because we have not fully considered them. The contentions for a reversal which are most fully presented in the argument of counsel are: 1. That the court below "denied plaintiff's constitutional and statutory right to a trial by jury"; and 2. That the court erred "in refusing to allow interest upon our claim from the time of suit brought."

1. The trial of the case, which resulted in the judgment appealed from, took place in February, 1894, in Department No. Four of the superior court of the city and county of San Francisco, before Hon. J. C. B. Hebbard, judge of said court, sitting in said department. No demand for a jury was made at that time in said department, or to said judge; and the appellant en-

tered upon and proceeded throughout the trial without any intimation that he desired a jury. This was, therefore, a waiver of a jury, if we consider alone the occurrences which then took place. (*Pfister v. Dascey*, 65 Cal. 403; *Boston Tunnel Co. v. McKenzie*, 67 Cal. 485.) It is contended, however, by appellant, that he is in the position of having had a jury trial denied him on account of certain things which happened more than a year previous to the trial before Judge Hebbard. It appears that on February 11, 1889, Henry C. McPike and P. O. Morbio were the attorneys of appellant, and on that day signed a stipulation waiving a jury trial. Prior to September 30, 1891, the present attorneys for appellant were substituted as his attorneys; and on that day they filed an amended and supplemental complaint. This complaint contains some averments which were not in the original complaint, the principal amendments being the averments which set up the death of Chabot, the presentation of the claim sued on to his executors, etc., and the additional fact that the alleged acts of the respondents in violation of said contract were done wantonly, oppressively, etc., and warranted punitive damages. Afterward, on January 4, 1894, appellant made a motion to set aside the stipulation waiving a jury, and to place the cause on the jury calendar. This motion was made in Department Five of said court, and before a judge other than Judge Hebbard, and in Department Five, and before the other judge, the motion to set aside the stipulation was denied. This motion was made more than a year before the commencement of the trial before Judge Hebbard, and it was denied more than ten months before that time. The motion was based entirely upon the ground that the filing of the amended and supplemental complaint, and of the answer thereto, had raised issues not pending at the time the stipulation was made. We do not deem it necessary to determine definitely whether or not the judge of Department Five erred in refusing to set aside the stipulation. We think that, as a general rule, a party should be relieved from a stipulation waiving a jury, where the same can be done without injury to the other side, and without disarranging the orderly conduct of the business of the court. Such a stipulation should not be looked upon as a contract made upon a valuable consideration, which ought

not to be set aside except upon proof of fraud, mistake, etc. Still, the court has some discretion in the matter, and we are hardly justified in holding that the order of the judge of Department Five was a gross abuse of his discretion. But that order certainly did not prevent Judge Hebbard from allowing a jury, if one had been demanded prior to the commencement of the trial before him. The motion was made before the judge of Department Five upon one specific ground, namely, that there had been a material change in the issues of the case, and the judge of that department may reasonably have thought that the reason assigned for setting aside the stipulation was not tenable. Counsel for appellant now claim that the stipulation was, for other reasons assigned by them, void, and if upon that ground appellant had demanded a jury before Judge Hebbard, the latter would certainly not have been bound by the ruling made in another department a year previous. If the matter was one resting in the discretion of the judge, the discretion of Judge Hebbard was not concluded by a former exercise of discretion by another judge; and if, as it is also contended by appellant, the matter was not one of discretion, and he had an absolute right to a jury notwithstanding the stipulation, then, certainly, he should have made his application for a jury trial to the judge who was about to try the case. The allowance of a jury by Judge Hebbard would certainly not have been error. Indeed, the former motion to be relieved from the stipulation may have been really upon the ground of an objection to the judge presiding in that department, and there may not have been any objection at all to trying the case without a jury before Judge Hebbard. The record does not show any intimation at the time of the trial that the appellant desired a jury. Therefore, under these circumstances, we do not see that the appellant has been denied his right to a jury trial.

2. The court did not err in refusing to allow interest prior to the judgment. The action is to recover damages for the alleged violations by respondents of certain covenants expressed in the written contract hereinbefore mentioned. By that contract Chabot covenanted that, in consideration of the grant by appellant of a right of way for water pipes through a certain piece of land owned by him, and of a right to construct a

reservoir on a watercourse running through the land, he would
lay certain pipes and furnish to appellant from said reservoir
through such pipes water for the irrigation of said land, the
water to be delivered "as high on said premises as it will natu-
rally flow," and to furnish water at the dwellinghouse for fam-
ily use, and also to furnish water "for stock and family use" on
certain other premises owned by appellant and known as the
Riordan ranch; and it is for the violation of these covenants
that this action was brought. It is averred in the complaint
that the alleged violations of these covenants resulted in various
kinds of damage not necessary to be here set forth; but it is evi-
dent from the complaint, and from the very nature of the sub-
ject matter of the action, that the damages here sought to be re-
covered are not "damages certain, or capable of being made cer-
tain by calculation," within the meaning of section 3287 of the
Civil Code, and that, therefore, interest thereon cannot be recov-
ered under the provisions of that section. The damages asked
for here are in as pronounced a way "unliquidated and uncer-
tain" as in any of the cases heretofore decided by this court
where interest was not allowed because the damages were not
certain, or capable of being made certain by calculation.
(*Brady v. Wilcoxson,* 44 Cal. 239; *Coburn v. Goodall,* 72 Cal.
498; 1 Am. St. Rep. 75; *Cox v. McLaughlin,* 76 Cal. 67; 9 Am.
St. Rep. 164; *Easterbrook v. Farquharson,* 110 Cal. 311.) And
the fact that the court, after hearing a large amount of evidence
bearing on various issues, finally concluded to allow as damages
the rental value of the premises for a certain period, does not
change the character of the action or the nature of the damages.

3. The other points made by appellant are based upon excep-
tions to rulings of the trial court upon the admissibility of evi-
dence. Most of these exceptions are not well taken, if the
court correctly construed the contract as embracing only a cer-
tain twenty-five acre tract of land known as the Italian Garden.
(There is no point made about the Riordan ranch, and it need
not be further considered.) The contract commences with a
recital that Chabot "is about to construct a reservoir on the Sul-
phur Spring creek," and that Ferrea, the appellant, "owns a cer-
tain piece of land on said Sulphur Spring creek at a point be-
low where said reservoir is about to be constructed." Ferrea

is the party of the first part, and Chabot the party of the second part, and the covenant on the part of Chabot to be construed is as follows: "The said party of the second part agrees to supply said party of the first part with water for irrigation of his premises, said water to be delivered on the premises of the said party of the first part through a four-inch pipe, and as high on the said premises as it will naturally flow, and also to supply the said party of the first part with the necessary water for family use in his dwellinghouse through a service pipe from the main pipe." At the time of the execution of the contract, which was on February 3, 1870, a certain twenty-five acre tract of land, known as the Italian Garden, was the only land owned by Ferrea on the Sulphur Spring creek, and his dwellinghouse was on said tract. Afterward, he acquired another tract of one hundred and twenty-four acres, adjoining the Italian Garden on the south. He afterward leased to one Passalaqua the Italian Garden tract and also twenty-four acres of the said one hundred and twenty-four acre tract, making forty-nine acres in all included in the lease. Now, appellant contends that the failure of respondents to furnish water as provided in the contract worked damage to the twenty-four acres included in the lease, as well as to the Italian Garden tract itself, and that he is entitled to recover damages for the twenty-four acre tract, as well as for the other. The court held, however, that he was entitled to recover only for the damages which accrued to him as owner of the Italian Garden, and in our opinion this ruling was correct. This case was here once before upon appeal (*Ferrea v. Chabot*, 63 Cal. 564), and it was so held on that appeal. In that case the court, speaking of this contract, said: "In this the covenant was to supply Ferrea with water, through a service pipe from the main pipe for family use, and through a four-inch pipe raised as high on the premises known as the Italian Garden as the water would naturally flow, for the irrigation of those premises. The covenant was intended for the use and enjoyment of those premises, in the manner and for the purpose intended by the parties at the time of the execution of the agreement; it extended only to those premises, and did not include or operate upon the twenty-four acres of land of which Ferrea was not the owner." This ruling was clearly correct, and

whether considered as the law of the case, or merely as author-
ity, should be followed. The trial court was therefore right
in excluding evidence offered for the purpose of showing dam-
age to the twenty-four acre tract and to certain other tracts ac-
quired by Ferrea after the date of the contract. The covenant
of Chabot was not, as contended by appellant, to furnish a
definite amount of water to be conducted by Ferrea wherever
he pleased, but to furnish the amount of water necessary for
the irrigation of the said Italian Garden, when water was re-
quired for such irrigation.

Both parties were allowed to freely introduce evidence as to
the agricultural character of the Italian Garden, of the value of
its use, if supplied with water for irrigation, its rental value,
etc.; and it was not error, at least not prejudicial error, to ex-
clude certain offered evidence of its fee simple value as land.

It would require great space to follow the discussion of coun-
sel of the many other exceptions to rulings admitting or exclud-
ing evidence. It is sufficient to say that, in our opinion, the
court did not err in its rulings excluding certain judgment-rolls,
or excluding evidence of appellant's asserted losses under his
lease to Passalaqua, and of money expended in defending a
suit brought by the latter against appellant on said lease; or
excluding evidence of money expended by appellant to secure
a small supply of water; or excluding certain evidence offered
to prove malice and oppression on the part of the respondents;
or in excluding evidence of certain other damages, entirely too
remote to be recoverable; or allowing certain witnesses of re-
spondents to testify as to the rental value of the premises; or in
any other ruling touching the admissibility of evidence to which
our attention has been called.

The findings of the court as to the rental value of the land
in question, and as to punitive damages, are sustained by the
evidence; and the evidence does not show that the finding as to
the amount of damages is erroneous.

The judgment and order appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion thereon on the 21st of July, 1898:

BEATTY, C. J.—I dissent from the order denying a rehearing of this cause. It is very clear to my mind that the superior court erred in denying plaintiff's motion to be relieved from his stipulation waiving a jury trial. By amendment of the pleadings new issues had been raised properly triable by jury, and the waiver of the right to a jury trial upon one issue was not a waiver of the right as to other issues.

The order overruling the motion was an order of the court, not of the department or of the judge of that department. The plaintiff had taken and presented his exception to the order, and to have the benefit of that exception was not, in my opinion, obliged to renew his motion on the same ground when the cause came before another department for trial.