[Civ. No. 451. Fourth Appellate District.—August 19, 1931.]

F. W. HARMON et al., Appellants, v. ISABEL MORRISON HOPKINS, Respondent.

Carlton D. Dethlefsen and A. Dal Thomson for Appellants.

Wright & McKee and C. M. Monroe for Respondent.

FINNEY, J., *pro tem.*—This is an appeal by plaintiffs from a judgment in favor of the defendant, rendered by the court sitting without a jury, in a trial held after plaintiffs' demand for a jury trial had been denied.

This appeal presents just one question, viz., did the court err in denying plaintiffs' demand for a jury trial?

On March 21, 1929, the attorney for the plaintiffs wrote the clerk of San Diego County asking if it was necessary to make a deposit for jury fees at the time of filing the memorandum of motion to set this cause for trial and on March 25th received from the clerk a reply stating that $36 must be deposited as jury fees at least six days prior to the date of the trial. This was the rule in San Diego County prior to the amendment to section 631 of the Code of Civil Procedure, which went into effect in August, 1929. Under rule V, adopted by the Judicial Council, the Superior Court of San Diego County has a "Civil Active List" and a "Civil Trial List" of cases pending for trial, and by inadvertence this cause was set on the "Civil Trial List" on October 10, 1929, but no notice of this setting was ever served upon the plaintiffs or their attorney. By consent of plaintiffs the case went over and was again set on the "Civil Trial List", for trial on November 25, 1929, and notice of the setting was served upon plaintiffs' attorney on November 5, 1929. It was inconvenient for plaintiffs' attorney to try the case on November 25th, and an effort was made by defendant's attorneys, for his accommodation,

to have the case removed from the "Civil Trial List" and reset at the first call of the calendar in December. This request for removal was refused by the presiding judge and the case continued on the "Civil Trial List" for trial until November 27th—two days after it should have been tried—when it was again reset for trial on December 18, 1929, on which latter date it was tried and judgment rendered for the defendant by the court sitting without a jury, after plaintiffs' demand for a jury trial had been denied, although a jury was present and available for the trial at that time.

On November 19, 1929, plaintiffs' attorney wired to the county clerk of San Diego County, inquiring the amount necessary to be deposited as jury fees in this case, and on the same date received a reply that the jury fees were $24, but that it was too late to make the deposit. However, on the same date, November 19, 1929, the jury fees in the sum of $24 were deposited in this case by the plaintiffs and were received and accepted by the county clerk.

Article I, section 7, of the Constitution, which relates to the matter of jury trials, so far as material here, reads as follows:

"The right to trial by jury shall be secured to all, and remain inviolate. . . . A jury trial may be waived . . . in civil actions by the consent of the parties, signified in such manner as may be prescribed by law."

And section 631 of the Code of Civil Procedure, as amended in 1929 (Stats. 1929, p. 851, sec. 1), relating to waiver of jury trials in civil cases, and in force at the time in question, so far as here involved, reads as follows, to wit:

"Trial by jury may be waived by the several parties to an issue of fact in manner following: . . .

"5. By failing to deposit with the clerk, within ten days prior to the date set for trial, a sum equal to the amount of one (1) day's jury fees payable under the law."

The right of trial by jury is a constitutional right and no one may be deprived thereof except in the manner provided in the Constitution of this state and laws passed in pursuance thereof. The Constitution, under the provision above quoted, has delegated to the legislature the power to determine what acts or omissions shall deprive a litigant

in a civil action, of a trial by jury and in section 631 of the Code of Civil Procedure, above quoted, the legislature has defined these acts and omissions.　Subdivision 5 of this section of this code has not been judicially construed by the appellate or Supreme Court, so far as we are aware, but a construction has been placed upon it by the bench and bar, in operating under it, wherein said subdivision is commonly understood to require a deposit of the jury fee to be made with the clerk of the court, not less than ten days before the day set for the trial of the action, or a jury trial will be waived, and of course the "day set for trial" means the first date fixed for the trial, of which the parties have been duly notified. We think, undoubtedly, this is the true and correct construction of subdivision 5 of this section. While appellants contend that the word "within" as used in the phrase "within ten days prior to the date set for trial", in subdivision 5, is equivocal and may be interpreted to mean "at any time less than ten days prior to the date of trial", we do not regard this contention as having any merit, when we consider the connection in which the word is used and the purpose to be served by this provision of the code. One important purpose of the provision is to make certain that there will be time to call the jury after the deposit of the jury fee has been made and that the jury fee will be available when required. Such a provision is necessary to enable the court to conduct its business without delay and in an orderly manner. The word "within" as used in the phrase above quoted means "not later than" or "at any time not less than", and the phrase so interpreted would read "not less than ten days prior to the date set for trial" or "at any time not less than ten days prior to the date set for trial". The word "within" has been so construed by this court when used in a similar connection and such construction must be adopted here. (*Royal Grocery Co.* v. *Oliver,* 57 Cal. App. 278 [207 Pac. 61].) The jury fee in this case was deposited only six days prior to the first date set for the trial and it is, therefore, plain that appellants, under the code section referred to, waived a jury trial by failing to make the deposit four days earlier, that is to say, ten days prior to the first date set for trial, of which they had been duly

notified. The fact that the case was reset for trial and tried at a later date is immaterial and has no bearing on the point under consideration, if we are to give effect to the plain meaning of the language used in subdivision 5 of section 631 of the Code of Civil Procedure and the purpose for which it was enacted.

■ Appellants urge that even if there was a waiver of a jury trial, by failure to deposit the fees within ten days prior to the date set for trial, it was an abuse of discretion, on the part of the court, to refuse to submit the case for trial to the jury, inasmuch as the jury fee had actually been paid, and the jury was present when the case was called for trial, and it would have involved no delay in the proceedings of the court.

It is probably true that the court had the right, notwithstanding such waiver, to submit the case to trial by jury, if he had chosen to do so (*Doll* v. *Anderson,* 27 Cal. 249), but the court has a discretion in the matter and its order refusing to submit the case to a jury will not be disturbed, when no gross abuse of discretion appears. (*Ferrea* v. *Chabot,* 121 Cal. 233 [53 Pac. 689, 1092].) Appellants have not attempted to point out wherein they have suffered any injury or prejudice by reason of the trial by the court instead of the jury. Their only complaint on this appeal is "the trial court erred in denying plaintiffs a jury trial".

■ Prejudice will not be presumed as a consequence of the issues of fact in a case being tried by the court instead of the jury. On the contrary, the presumption is that the appellants have enjoyed the benefit of a fair and impartial trial, according to the usual modes of procedure under the Constitution and laws of this state. Clearly, the appellants have failed to show any prejudice or other error on the part of the court which would justify a reversal of the case.

Accordingly, the judgment appealed from is affirmed.

Jennings, Acting P. J., and Marks, J., concurred.

A petition for a rehearing of this appeal was denied by the District Court of Appeal on September 11, 1931, and a petition by appellants to have the cause heard in the

Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 15, 1931.

Curtis, J., and Preston, J., dissented.