[Civ. No. 18386. Second Dist., Div. Two. Nov. 7, 1951.]

JEANNETTE GLOGAU, Respondent, v. EVERT L. HAGAN, Individually and as Administrator, etc., Appellant.

Jesse A. Hamilton for Appellant.

Norman Newmark and Abraham Gottfried for Respondent.

MOORE, P. J. — This appeal is on the judgment roll. ▮ Having no evidence for review on the merits, all presumptions and intendments favor the correctness of the judgment. (*Rounds* v. *Dippolito*, 94 Cal.App.2d 412, 417 [210 P.2d 893].) ▮ By including in the record numerous docu-

ments not pertinent to the narrow issues thus presented, the scope of the appeal is not thereby widened. (*Hunt* v. *Plavsa,* 103 Cal.App.2d 222, 224 [229 P.2d 482].)

Plaintiff as assignee of Abraham Gottfried sued for $15,000 on account of legal services alleged to have been rendered to appellants. Judgment was ultimately entered for the sum of $4,100 against J. A. Hagan and Evert L. Hagan. Since the filing of this appeal, J. A. Hagan deceased and Evert as the administrator of the estate of his brother was duly substituted as a party appellant. Inasmuch as the claims were reassigned to Gottfried, he is the actual respondent. The denial of recovery on some claims and awarding judgment on others and the reasons therefor have no place in this discussion. The appeal is based upon asserted technical denials of alleged lawful rights in the course of the litigation. Only the merits of such claims can be of interest now.

## No Error In Denying a Jury Trial

The first assignment is that the court erred in denying J. A. Hagan a jury trial. In support thereof they cite the state Constitution (art. I, § 7) ; *Platt* v. *Havens,* 119 Cal. 244 [51 P. 342] ; *Parker* v. *James Granger, Inc.,* 4 Cal.2d 668, 679 [52 P.2d 226]. They argue that neither a ''Memorandum for Setting'' nor a ''Notice of Setting'' was served upon J. A. Hagan as required by section 631, Code of Civil Procedure, subdivision 4, and rule 1 of the Rules of the Judicial Council.

The answer thereto is fourfold. ■ (1) The order denying the motion requesting a jury trial is not reviewable since no exception was taken to the ruling. Where no exception is taken to the ruling *in limine* denying a jury trial as provided by section 646 of the Code of Civil Procedure it cannot be reversed on appeal. (*Snidow* v. *Hill,* 100 Cal.App.2d 31, 36 [222 P.2d 958].) Since no exception was noted at the time of the ruling or taken later, the order denying J. A. Hagan's motion cannot be disturbed. ■ (2) After such denial of a jury trial, the motion was not renewed before the trial judge. Such failure to renew foreclosed J. A. Hagan of thereafter urging a reversal of the order of denial. (*Ferrea* v. *Chabot,* 121 Cal. 233, 236 [53 P. 689, 1092].) ■ If a party goes to a trial without apprising the court of his demand for a jury trial he is deemed to have waived such right. (*City of Los Angeles* v. *Zeller,* 176 Cal. 194, 199 [167 P. 849].) ■ (3) Since the record discloses no actual request for a jury at the opening of the trial, J. A. Hagan is presumed to have waived his claim for a jury. On this collateral attack

of the judgment and the order denying a jury trial, every condition of facts consistent with their validity, not affirmatively contradicted by the judgment roll is presumed to have existed. (*Phelan* v. *Superior Court*, 35 Cal.2d 363, 373 [217 P.2d 951].) ▮ (4) That J. A. Hagan was served with "Memorandum for Setting" or a "Notice of Setting" card cannot be denied. At the time of service Evert Hagan was counsel of record for his brother as well as for himself.[1] Since Evert as attorney was served with the notice of setting and did not demand a jury within five days after receipt of such notice he thereby waived a jury trial for both defendants. Service on Evert was service on his client. (Code Civ. Proc., § 1011.) On June 15, 1948, Attorney Peck was substituted as counsel for J. A. Hagan. Nine days later Mr. Peck filed a "Notice of Motion for Jury Trial." No mention was made in connection with such notice that J. A. Hagan had not been served with the "Memorandum for Setting" or the "Notice of Setting" card, but in his affidavit Peck declared that his client "had not demanded a trial by jury within the time prescribed by section 631 of the Code of Civil Procedure." Eight months thereafter both appellants admitted they had been served with notice of trial but did not request a jury, and contended that they were entitled to delay their demand until served with Notice of Trial.

Since J. A. Hagan had actual notice of the setting and failed to appear and demand a jury as required by the statute (Code Civ. Proc., § 631) and since he failed at the commencement of the trial to renew his demand (*City of Los Angeles* v. *Zeller, supra*) appellants fail to establish a right to reversal.

## No Abuse of Discretion

Having failed to obtain a jury trial by virtue of their own inaction, appellants point to several "further" motions they made to obtain a jury trial and assert that with reference to them the trial court abused its discretion. Those motions and their filing dates are as follows: (1) October 18, 1948, "Notice of Motion to Reconsider Motion for Jury Trial," (2) February 28, 1949, "Notice of Motion to Transfer Cause for Jury Trial Calendar," (3) February 28, 1949, "Demand for Jury Trial."

As to motion (1): In fact it antedated a similar motion which was denied November 4, 1948. It was denied without preju-

---

[1]The record shows that Evert Hagan was substituted as attorney for his brother on February 3, 1948, and that he was served with the "Memorandum for Setting" on the same day.

dice and on October 29, 1948, appellants filed anew the same identical motion and then stipulated that it might be denied.

As to "further" motions (2 and 3), no such fact was presented in support of either as would compel a court to throw discretion to the winds and grant the motions. All three motions appealed to the discretion of the court. The Constitution vested the Legislature with power to determine such acts or omissions as shall deprive a litigant in a civil action of a jury trial. This was done by the enactment of the statute. (Code Civ. Proc., § 631; *Harmon* v. *Hopkins,* 116 Cal.App. 184, 186 [2 P.2d 540].) That section, subdivision 4, provides that a jury may be waived by failing to assert a demand therefor when "the cause is first set upon the trial calendar if it be set upon notice or stipulation or within five days after notice of setting if it be set without notice or stipulation."

While section 631 (4), Code of Civil Procedure, authorizes the court "in its discretion" to allow a trial by jury, even though there has been a waiver of such trial, such provision does not compel a court to do so. In considering such a motion the court has to regard not only the rights of the litigants but also the likelihood that the shifting of a trial from a nonjury calendar to a jury calendar will affect the public interest. (*Mathews* v. *Hornbeck,* 80 Cal.App. 704, 708 [252 P. 667].)

Where a party litigant has notice of the setting and does not announce his demand for a jury trial but relies upon a written notice filed with the clerk prior to the setting day, to comply with such writing and grant a jury trial "would revive the uncertainty as to what constitutes a waiver of jury trial" which existed prior to the statute and it would hamper the courts in their efforts to expedite the administration of justice. (*Stern* v. *Hillman,* 115 Cal.App. 156, 159 [300 P. 972].)

The court below having in the exercise of its discretion denied the several motions of appellants to be relieved of their neglect, no relief can be obtained on appeal unless it is established that appellants made timely application to be relieved from neglect and the trial court grossly abused its discretion. (*Keller* v. *Keller,* 91 Cal.App.2d 39, 41 [204 P.2d 361]; *Harmon* v. *Hopkins, supra,* 188; *Stern* v. *Hillman, supra; Ferrea* v. *Chabot, supra; Bennett* v. *Hillman,* 37 Cal.App. 586, 589 [174 P. 362].) This they have not done.

Furthermore, prejudice cannot be presumed from the fact that appellants did not try their case to a jury. On the

contrary, it is presumed that they enjoyed the benefits of a fair and impartial trial as contemplated by the Constitution and the statutes. (*Harmon* v. *Hopkins, supra,* p. 188.)

## OTHER ASSIGNMENTS

Appellants contend that they were prejudiced by the court's refusal to allow J. A. Hagan to file a cross-complaint. The action herein was filed November 13, 1947. June 29, 1948, J. A. Hagan sued respondent in a separate action, alleging the latter's negligence in handling three specified lawsuits, the prosecution of which constituted the basis of respondent's recovery in the instant action. Respondent's demurrer to J. A. Hagan's complaint was sustained and the judgment of dismissal became final. Appellants answered respondent's suit in January, 1948. In the following March, Evert filed his proposed cross-complaint herein alleging the negligence of respondent in his handling of five actions of appellants against five separate defendants. Respondent's demurrer to Evert's cross-complaint was sustained. Nothing daunted, Evert returned in propria persona with his first amended cross-complaint with its eight causes of action based upon respondent's alleged negligence in handling the same five cases for J. A. Hagan and alleging their transfer to Evert. Respondent's demurrers to Evert's amended cross-complaint and to his second amended cross-complaint were both sustained without leave to amend. Simultaneously with Evert's last filing, J. A. Hagan filed his ''second amended cross complaint'' without leave. Respondent's motion to strike it was granted.

After respondent's demurrer had been sustained to J. A. Hagan's independent action he amended and a demurrer to his amended pleading was sustained without leave to amend. The judgment of dismissal became final September 29, 1948.

Six months after his second amended cross-complaint had been stricken, J. A. Hagan on November 3, 1948, moved the court for leave to file a cross-complaint herein for malpractice, based upon respondent's alleged negligence in his handling of two specified actions. The motion was denied December 7, 1948, and the trial was continued to March 21, 1949. There is no showing that the court's denial of J. A. Hagan's motion was error.

On March 17, 1949, J. A. Hagan moved for leave to file an amended answer and counterclaim for the sum of $35,000. That motion was ordered off calendar.

When the trial was called on March 21, J. A. Hagan did not appear and his motion was never presented; neither was

Evert's motion to file his amended answer ever made. At the conclusion of the trial the court found that "J. A. Hagan is the alter ego of Evert Hagan." ▄▄▄ From the record it is clear that the demand or motion of J. A. Hagan for leave to file his proposed amended answer and counterclaim was never presented and action upon it could therefore not be cause for reversing the judgment herein.

▄▄▄ The contention that J. A. Hagan was wrongfully denied the right to file a cross-complaint cannot be sustained for the additional reason that he did not take exception to the ruling of the court. (*Estate of Magerl,* 201 Cal. 162, 167 [256 P. 204].) Exception must be taken at the time a decision is made rejecting a proposed cross-complaint. Such rejection is not one of the matters deemed to have been excepted to under section 647, Code of Civil Procedure.

▄▄▄ In any case, there was no abuse of discretion in the court's refusal to allow J. A. Hagan to file his cross-complaint. ▄▄▄ A defendant may file a cross-complaint at the time of answering. But if he seeks to file it at a later time he may do so only by permission of the court. (*Gallo* v. *Boyle Manufacturing Co., Inc.,* 30 Cal.App.2d 653, 655 [86 P.2d 1067].) The rule as to filing a counterclaim is substantially the same. (*Estate of Walters,* 89 Cal.App.2d 797, 799 [202 P.2d 89]; *Anderson* v. *Perminter,* 78 Cal.App.2d 378, 380 [177 P.2d 818].) To defeat the court's ruling in either instance it must be shown that the court abused its discretion. (*Bank of America* v. *Goldstein,* 25 Cal.App.2d 37, 46 [76 P.2d 545]; *Manha* v. *Union Fertilizer Co.,* 151 Cal. 581 [91 P. 393]; *Scholle* v. *Finnell,* 167 Cal. 90, 102 [138 P. 746].)

▄▄▄ That the court's discretion was wisely exercised is disclosed by the facts. (1) When the motion was made the answers had been on file 11 months. Such dereliction of defendants was sufficient cause for denying the motion. (*Davies* v. *Symmes,* 49 Cal.App.2d 433, 439 [122 P.2d 102].) (2) The cross-complaint was demurrable. This was ample ground for rejecting it. (*Pollard* v. *Forest Lawn Memorial Park Assn.,* 15 Cal.App.2d 77, 82 [59 P.2d 203].) (3) A prior action based upon the causes alleged in the cross-complaint was still pending. The pendency of a suit involving the same matters alleged in a proposed cross-complaint is justification for rejecting the latter. (*Hilton* v. *Reed,* 46 Cal.App.2d 449, 454 [116 P.2d 98].) (4) When J. A. Hagan presented his cross-complaint the causes therein alleged had been assigned to

Evert and he was then the owner thereof. (*Staley* v. *Mc-Clurken,* 35 Cal.App.2d 622, 625 [96 P.2d 805].)

The contention is made that the court erred in denying appellants' motion to preclude evidence concerning respondent's accounts after the latter had "failed to furnish a proper bill of particulars." Such a motion is addressed to the discretion of the court. (*McCarthy* v. *Mt. Tecarte etc. Co.,* 110 Cal. 687, 692 [43 P. 391] ; *Silva* v. *Bair,* 141 Cal. 599, 602 [75 P. 162].) The determination of whether a bill of particulars furnished by an adversary is a compliance with the statute rests in the sound discretion of the court. (Code Civ. Proc., § 454.) The requirement is that within 10 days after a demand by the adverse party for the "items of an account" the pleader must deliver a "copy of the account." By reason of appellants' failure to obtain an order prior to the trial precluding the introduction of evidence by respondent, the court properly denied the motion at the trial. (*McCarthy* v. *Mt. Tecarte etc. Co., supra.*) Not only was appellants' motion to exclude addressed to the sound discretion of the court, but since there is no record before this court it is presumed that no objection was made to the evidence and for that reason it is not reviewable. (*Parker* v. *Shell Oil Co.,* 29 Cal.2d 503, 513 [175 P.2d 838].)

Appellants urge that the court below erred "when it received into evidence, over objection, alleged summaries of purported time sheets. How can such assignment be reviewed in the absence of a reporter's transcript? There is nothing to show here that the summaries are not the original time sheets or that they are inconsistent with testimony at the trial. Assuming the record to be complete (rule 52, Rules on Appeal) this court must presume that objections were not made to the introduction of the summaries. (*Phelan* v. *Superior Court,* 35 Cal.2d 363, 373 [217 P.2d 951].)

The judgment is affirmed.

McComb, J., concurred.

A petition for a rehearing was denied November 30, 1951, and appellant's petition for a hearing by the Supreme Court was denied January 3, 1952.