[Civ. No. 19944.   Second Dist., Div. One.   Dec. 8, 1954.]

PEARL LOFY, as Administratrix, etc., Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

Robert M. Holstein for Appellant.

Spray, Gould & Bowers and Malcolm Archbald for Respondent.

DRAPEAU, J.—Decedent Walter F. Lofy, Sr., was a switchman for defendant Southern Pacific Company. He was employed in the switching yards of that company at Colton, California. He was riding a freight car on one of the switching tracks in the yard, as the car was being pushed slowly up to another for coupling.

Decedent had his left foot on the last step down on the ladder going up the side of the car. He was holding onto the ladder with his left hand. This last step is called a "stirrup." It was dark, and he had his signal lantern in his right hand.

As the car upon which decedent was riding came close to the other car, he swung off the stirrup to the ground, to run forward and see that the coupling was made. When he stepped to the ground his right foot dropped into a hole on the toe path next to the track. He "kind of hit" the hole with his heel, and caught himself with his left foot. This toe path is on ground, not rock ballast, and the surface is packed hard and smooth for the use of switchmen working in the yard.

As he stepped into the hole, decedent felt a jerk in his back. After he finished his shift and went home serious pain developed in his back. Next day the pain kept getting worse, and he couldn't go back to work.

After a day or two he went to an osteopathic doctor. He took a few treatments from that doctor, but kept getting worse, and worse. Then he was sent to the company hospital in San Francisco.

From the time of the accident until the trial of the case, he suffered terrific pain and was unable to work. When he tried to work for a few days he had to quit on account of the pain.

A medical witness for decedent testified that in his opinion the deceased suffered a ruptured intervertebral disk. This is a serious and sometimes a lasting injury.

This appeal is taken from a judgment following the granting by the trial court of defendant's motion for a nonsuit.

During the pendency of this appeal, Walter F. Lofy, Sr., died, and Pearl Lofy, as administratrix of his estate, has been substituted herein as plaintiff and appellant.

■ The action being under the Federal Employers' Liability Act (35 Stats. 65, 45 U.S.C.A., § 51 et seq.), the rules governing state courts on motions for nonsuit and directed verdict are to be found in the federal decisions.

■ "When the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict, the court should determine the proceedings by nonsuit, directed verdict, or otherwise, in accordance with the applicable practice, without submission to the jury . . ." (*Brady* v. *Southern R. Co.*, 320 U.S. 476, 480 [64 S.Ct 232, 88 L.Ed. 240, 243].)

Defendant railroad company relies upon two California cases, cited in its brief, and argued to the trial court: *Spencer* v. *Atchison, etc. Ry. Co.*, 92 Cal. App.2d 490 [207 P.2d 126]; and *Thompson* v. *Atchison, etc. Ry. Co.*, 96 Cal.App.2d 974 [217 P.2d 45].

In the Spencer case the District Court of Appeal affirmed a directed verdict where a railroad brakeman was throwing a spring switch. Nothing was apparently wrong with the switch.

In the Thompson case, a judgment under section 630 of the Code of Civil Procedure was affirmed where a railroad employee was injured while pushing an express truck up a 2 per cent grade in a station platform.

The facts in these cases may be readily distinguished from the facts in this case. Here we have a hard, smooth surface next to a railroad track, maintained for the use of switchmen in a switching yard, with a hole in it that caused an accident and serious injury. Mr. Lofy testified that the hole was about 6 or 8 inches deep, and 10 or 12 inches "along cross ways on the track," and that it had the appearance of having been "worn down."

From these facts the inference could have been drawn that the condition had been present for some time, that defendant in the exercise of ordinary care should have discovered and remedied it, and that the failure to discover and remedy it was negligence in failing to maintain a reasonably safe place for decedent to work in.

█ It is the duty of a railroad to exercise ordinary care in furnishing its employees with a reasonably safe place in which to work. (*Lowden* v. *Hanson*, 134 F.2d 348.) The case of *Girvetz* v. *Boys' Market, Inc.*, 91 Cal.App.2d 827 [206 P.2d 6] (in which a customer slipped and fell on a banana on the floor of a market) is not in point here. Here we have evidence to support the inference of constructive notice.

In these cases the federal rule is to the same effect as our state rule. █ When the facts are in dispute and the evidence in relation to them is such that fair-minded men may draw different inferences from them, the case should go to the jury. (*Tiller* v. *Atlantic Coast Line R. Co.*, 318 U.S. 54 [63 S.Ct. 444, 87 L.Ed. 610, 143 A.L.R. 967].) █ And the right to trial by jury is a basic and fundamental part of our state and federal systems of jurisprudence. (*Jacob* v. *New York*, 315 U.S. 752 [62 S.Ct. 854, 86 L.Ed. 1166].)

█ Applying the facts in this case to the rules stated, this court has come to the conclusion that this is a jury case, and that it was error to grant the motion for a nonsuit.

Defendant argues that the issues as to adequate inspection and lighting are not properly raised on appeal. Having come to the conclusion just stated, it is not necessary to consider the issue of lighting, and the evidence before the court before plaintiff rested is sufficient to support the decision of this court. The confusion, if any, as to the issues on appeal was because the trial court took under submission the motion for nonsuit, and continued with the trial until the conclusion of defendant's case, and plaintiff's rebuttal. This is not good trial practice.

The judgment is reversed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied January 3, 1955, and respondent's petition for a hearing by the Supreme Court was denied February 2, 1955.