[Civ. No. 21605. Second Dist., Div. One. June 21, 1956.]

WALLACE SIDNEY et al., Appellants, v. MELVIN ROTBLATT et al., Respondents.

Thomasset, Mathews & Forn and Albert J. Forn for Appellants.

Hahn, Ross & Saunders for Respondents.

WHITE, P. J.—Plaintiffs, Mr. and Mrs. Sidney, appeal from the judgment and from the order denying their motion for a new trial, but by their opening brief the latter appeal is abandoned. The judgment from which they appeal is in favor of defendants for their costs.'

Appellants' complaint to enjoin trustees' sale was filed October 6, 1953. By their amended and supplemental complaint filed October 20, 1953, they allege that the trustees' sale sought to be enjoined has been completed and they pray that "said trustees' sale be vacated and the trustees' deed cancelled; that all proceedings thereunder be restrained; that an accounting be required. . . ."

On March 2, 1955, appellants filed notice of motion for leave to amend and supplement complaint, and their pro-

posed second amended and supplemental complaint. And on March 3, 1955, they filed notice of motion for order granting jury trial. Both came on for hearing as noticed on March 8, 1955, which was 10 days before the trial date theretofore set and noticed. Both motions were denied without prejudice.

Without notice of intention to do so, at the beginning of the trial, appellants again asked permission to file said second amended and supplemental complaint and again asked for a jury trial. Both motions were denied. Appellants then moved to consolidate for trial an action filed by them and "served today" upon respondents. That motion was denied.

The trial then proceeded from March 18 to 24, and at its conclusion appellants again moved for leave to amend their complaint as per the proposed second amended and supplemental complaint on file, which was submitted; and they then moved for permission to amend the prayer of their complaint, which was granted. March 25, the trial court granted appellants' motion for leave to file said second amended and supplemental complaint.

The second amended and supplemental complaint so filed incorporates by reference the amended and supplemental complaint as the first cause of action, alleges eight additional causes of action, prays for restitution or damages in the alternative and several other items of damage.

Appellants contend on the instant appeal that the trial court erred in denying them a jury trial. It is admitted that, until the second amended and supplemental complaint was filed no cause of action at law had been pleaded and a jury trial would have been improper, but appellants urge that the effect of the denial of their motions 10 days before the trial and at the beginning thereof "was to deny plaintiffs the right of trial by jury to which they were entitled." Appellants cite and rely upon decisions to the effect that "A denial of right to jury trial to a party entitled thereto is a 'miscarriage of justice' requiring reversal."

Appellants admit that they waived their right to a jury trial under the provisions of section 631 of the Code of Civil Procedure, but they urge that nevertheless they "were wrongfully deprived of a trial by jury when the trial court arbitrarily denied their motions to amend the pleadings." A reading of the entire record on the instant appeal, however, shows that appellants could have amended and supplemented their pleadings and requested trial by jury about 10 months before they did so. No excuse for their delay is shown. Since

the trial court did grant appellant's motion to file said pleading at the end of the trial, it is possible that said motion should have been granted at the beginning of the trial. However, under the circumstances of the instant action, even if the motion to file the second amended and supplemental complaint had been granted at the beginning of the trial, or 10 days before, it would not have been an abuse of discretion for the trial court at the same time to have denied appellants' motion for a jury trial. Clearly in the instant action, it was the failure of appellants to take the steps required at the times provided by law, and not any error or abuse of discretion on the part of the trial court, which prevented their having a trial by jury.

"Furthermore, prejudice cannot be presumed from the fact that appellants did not try their case to a jury. On the contrary, it is presumed that they enjoyed the benefits of a fair and impartial trial as contemplated by the Constitution and the statutes." (*Harmon* v. *Hopkins,* 116 Cal. App. 184, 188 [2 P.2d 540] ; *Glogau* v. *Hagan,* 107 Cal.App.2d 313, 318 [237 P.2d 329].)

Appellants also urge as a ground for reversal that "A deed executed in blank is void," and rely upon certain cited decisions. The trustees' sale which appellants seek to vacate, according to appellants' pleadings, was under a trust deed and note procured by misrepresentations, "usurious and invalid" and "the result of duress and oppression," intended to be "sham instruments having no value or meaning . . . ," and the "other documents were printed blank forms" when signed by them. Nowhere have appellants pleaded that either the note or trust deed was incomplete when signed by them. The trial court found appellants' said averments untrue and "that it is not true that any one of said defendants furnished plaintiffs with any documents which were printed blank forms or which were signed by plaintiffs in blank; that it is not true that said documents or any one of them were completed over plaintiffs' signatures or without plaintiffs' knowledge or consent." The finding has ample support in the record and cannot be disturbed on appeal.

Appellants further claim that the judgment should be reversed because "the evidence is clear . . . that defendants were operating a scheme or device for the purpose of evading the usury law." That statement is supported by no reference to the evidence which is "clear." The total of the interest and commission paid by plaintiffs for the loan which

gave rise to this action did exceed 10 per cent of the amount borrowed. The evidence is that the three defendants who were the lender, the mortgage broker and the escrow company were separate entities; that none was the agent of any other; that the lender had no money invested in, or interest or authority in either of the corporations; and that the lender did not receive any portion of the fees paid to either of the corporations or share in any way in the profits of either. An examination of the entire record fails to disclose any evidence of usury and shows that the trial court found *contra*.

The appeal from the order denying motion for new trial is dismissed.

The judgment is affirmed.

Doran, J., and Fourt, J., concurred.