[Civ. No. 21866.   Second Dist., Div. One.   Dec. 14, 1956.]

HOLBROOK & TARR et al., Respondents, v. WALTER P. THOMSON, Appellant.

Walter P. Thomson, in pro. per., for Appellant.

Holbrook, Tarr, Carter & O'Neill and Freda B. Walbrecht for Respondents.

WHITE, P. J.—Defendant appeals from a judgment requiring him to pay $3,250 to his attorneys for work done by them for him from 1950 to 1954 in the case of *Crowley* v. *Thomson*, Number 579764 in the Superior Court of Los Angeles County, in representing him as defendant and cross-complainant. They represented him from the time of service of the complaint upon him, through the trial, motions for new trial, appeals to the District Court of Appeal and the Supreme Court, tried the case again in the superior court, and collected the judgment in his favor.

The only ground for reversal urged by appellant upon this appeal is that the court was in error in denying him a jury trial. Large portions of the briefs are discussions of matters outside the record. The following is a fair summary of the record on the instant appeal:

Hildebrand, Bills & McLeod represented appellant by filing and arguing his demurrer to the complaint, filing his answer December 23, 1954, by filing on July 6, 1955, his "Notice of Motion for Demand for Jury Trial," together with an affidavit of Sheridan Downey, Jr., "That he is one of the attorneys for the defendant in the above entitled matter; that the attorneys for defendant maintain two offices, one in the City of Oakland and one in the City of Los Angeles; that the matter of demanding a jury, payment of jury fees, and setting of this case is handled through the office in Oakland; that there has been a change in calendar clerks in the Oakland office, and that due to the great number of cases being handled by that office, and due to the change-over from one clerk to another, through inadvertence and mistake demand for a jury trial was overlooked, and no demand for a jury has been filed in the above action." Said attorneys also appeared for defendant at the hearing of the motion, which was denied July 26, 1955.

Defendant, representing himself in propria persona, appeared at the trial September 7, 1955, filed objections to the findings September 23, 1955, filed notice of intention to move for a new trial October 5, 1955.

The record also contains a substitution of Thomas G. Baggott, as attorney for defendant, dated November 1, 1955, signed

by defendant but not showing the consent of said attorney.

An affidavit of defendant filed November 7, 1955, contains averments that when defendant's then attorney was preparing his answer defendant told his said attorney that he wanted a jury trial and the attorney, "in defendant's presence, instructed his calendar clerk to demand a jury trial for him . . . that failure to make timely demand for jury trial was not the fault of the defendant and prevented defendant from having a fair and impartial hearing of his cause."

Defendant's motion for new trial was made for him by Attorneys Vaughn and Brandlin, by John Howard, and was denied November 7, 1955.

Defendant, in propria persona, filed notice of appeal and notice to prepare reporter's and clerk's transcripts for appeal on December 6 and 15, 1955, respectively; and on March 26, 1956, amended notice to clerk to "delete entirely from the original notice the request for reporter's transcript" and to "prepare transcript of the following named records only. . . ."

November 26, 1956, Arthur S. Loveland was substituted as attorney for defendant, and November 27, 1956, an affidavit of Clifton Hildebrand was filed in this court at the time of oral argument. Said affidavit reads as follows:

"That he is an attorney at law and many months ago was consulted by a prospective client, to wit defendant, Walter P. Thomson, with reference to representing him in the above entitled cause. That your affiant agreed to represent the defendant and further specifically agreed that a jury trial was advisable and that he would take the necessary steps to secure a jury trial. That due to inadvertence and mistake and the fact that the calendar clerk in your affiant's Oakland office suddenly left her position, a timely request for jury was not made. Your affiant further states that defendant personally asked affiant that a jury trial be had and that it is no part of defendant's fault that a jury was not properly requested."

From the affidavits of defendant and his attorneys, Sheridan Downey, Jr., and Clifton Hildebrand, it appears without conflict that no demand for jury was made until months after the action had been set for trial without a jury. It is not suggested that any act or omission of the plaintiffs caused defendant's failure to demand a jury. Nor is there anything in the record before us to indicate that the trial

of the action was not fair to the defendant in every respect. No instances of unfair treatment or erroneous rulings by the trial judge are cited. Clearly it was not any error or abuse of discretion on the part of the court which prevented appellant's having a trial by jury. Appellant's right to jury trial was waived by him under the provisions of section 631 of the Code of Civil Procedure.

Prejudice cannot be presumed from the fact that appellant's case was tried before a judge instead of a jury. On the contrary, it is presumed that the trial was fair and impartial. (*Harmon* v. *Hopkins,* 116 Cal.App. 184, 188 [2 P.2d 540]; *Glogau* v. *Hagan,* 107 Cal.App.2d 313, 318 [237 P.2d 329].)

Appellant urges that the court was without power to deny him a jury trial in spite of his failure to make timely demand. He cites in support of that claim the California Constitution, article I, section 7; *Hertter* v. *Addis,* 89 Cal. App. 160, 165 [265 P. 298]; and *Cowlin* v. *Pringle,* 46 Cal. App.2d 472, 476 [116 P.2d 109].

In the Hertter case, *supra,* page 164, it is said that article I, section 7, of the Constitution gives to the Legislature the sole power to declare ''what shall constitute a waiver of trial by jury''; that the power has been exercised by the enactment of section 631 of the Code of Civil Procedure; and that it was apparent that appellant's rights to a trial by jury were not waived in any of the manners provided by the section. . . .'' In the instant action, it is not disputed that there was a waiver under the provisions of said section.

*Cowlin* v. *Pringle,* 46 Cal.App.2d 472, 476 [116 P.2d 109], is easily distinguished from the instant action. There the action was partially tried before a jury demanded and partially paid for by a party other than appellant or respondent. The party who had so demanded and paid for the jury was granted a nonsuit. Appellant (plaintiff) then demanded that the trial continue before the jury and paid the balance of the fees of the jury. The trial proceeded before the jury until all the evidence was in, then the jury was dismissed upon motion of respondent (defendant), appellant's motion for a mistrial was denied, and the court alone heard the arguments, made findings, conclusions and judgment. On appeal the judgment was reversed and it was held that where the jury fees had been paid by one party it was not necessary for the other ''to also tender another jury fee for the first day of trial.''

In the instant action, the motion of appellant to be relieved of his neglect in waiving trial by jury was denied by the trial court in the exercise of its discretion. On appeal appellant cannot obtain such relief unless it is established that he made timely application to be so relieved and that the trial court grossly abused its discretion by denying his application. (*Glogau* v. *Hagan,* 107 Cal.App.2d 313, 318 [237 P.2d 329] ; and cases there cited.)

The record on the appeal now engaging our attention shows no abuse of discretion.

The judgment is affirmed.

Doran, J., and Fourt, J., concurred.