*650
 
 Opinion
 

 REGAN, Acting P. J.
 

 —In this proceeding for a writ of mandate and in the alternative for writ of prohibition, the question presented is whether it was an abuse of discretion by defendant court to deny petitioner’s motion for relief from his waiver of a juiy trial.
 

 Petitioner filed a personal injury action in the Sacramento County Superior Court (No. 232595) on March 22, 1973, and requested a juiy throughout the proceedings. Trial was set for July 11, 1977, and on July 1, 1977, petitioner received notice that the jury fees for the first day had not been deposited 14 days in advance. The failure to deposit the jury fees was not a knowing failure but was due to inadvertence, his attorney having relied upon his secretary to make the deposit and she having failed to do so.
 

 The same day petitioner received the notice he notified respondent and real parties in interest that relief would be sought from the waiver of juiy under Code of Civil Procedure section 631. Petitioner filed his motion for relief of the waiver on July 1, 1977; the matter was heard on July 7, 1977, and on July 8, 1977, respondent, without stating its reasons, denied the motion.
 

 At the hearing real parties in interest filed no declaration and did not present sworn testimony showing that any prejudice would accrue to them by allowing a jury trial. Real parties in interest contend no abuse has been shown because petitioner has not established that he will be ^prejudiced by the denial of a juiy trial.
 

 Code of Civil Procedure section 631 provides the manner in which a juiy trial may be waived. Section 631, subdivision 5, provides that a jury trial is waived where the party desiring the jury fails to pay one day’s juiy fees 14 days in advance of the day set for trial. When the litigant fails to deposit the jury fees required by section 631, the trial court may refuse to allow a juiy trial and the litigant is not thereby deprived of a constitutional right.
 
 (Still
 
 v.
 
 Plaza Marina Commercial Corp.
 
 (1971) 21 Cal.App.3d 378, 388 [98 Cal.Rptr. 414];
 
 Davis
 
 v.
 
 Conant
 
 (1935) 10 Cal.App.2d 73, 75 [51 P.2d 151].)
 

 The purpose of section 631 is to provide a means whereby the parties may waive a juiy but not to impose conditions constituting an irrevocable waiver, and the trial court has discretion to allow a jury trial
 
 *651
 
 despite a prior waiver.
 
 (Duran
 
 v.
 
 Pickwick Stages System
 
 (1934) 140 Cal.App. 103, 109 [35 P.2d 148].) Section 631, subdivisions 4 and 8, provide that the court may in its discretion upon such terms as are just allow a trial by jury to be had although there has been a waiver of such a trial.
 

 The section permits, but does not require the trial court to allow a jury trial in its discretion. Where the trial court refuses to allow a juiy trial no relief can be obtained unless it is established that the litigant made a timely application for relief and the court grossly abused its discretion.
 
 (March
 
 v.
 
 Pettis
 
 (1977) 66 Cal.App.3d 473, 480 [136 Cal.Rptr. 3];
 
 Glogau
 
 v.
 
 Hagan
 
 (1951) 107 Cal.App.2d 313, 318 [237 P.2d 329].)
 

 Section 631 was enacted in 1872, but it was not until 1933 that the section was amended to provide for relief from waiver at the discretion of the trial judge. (See Stats. 1933, ch. 744, § 104.) In
 
 Brown
 
 v.
 
 Brown
 
 (1930) 104 Cal.App. 480, 488 [285 P. 1086], the court held that it is well settled that a trial court has the discretion to allow a jury trial despite a prior waiver.
 

 Prior to the time section 631 was amended to specifically provide for the trial court’s discretion to allow a juiy trial, the courts had considered the matter and held that a trial court has such discretion. (See
 
 Doll
 
 v.
 
 Anderson
 
 (1865) 27 Cal. 248, 251.) In 1898, the California Supreme Court stated: “We think that, as a general rule, a party should be relieved from a stipulation waiving a juiy, where the same can be done without injury to the other side, and without disarranging the orderly conduct of the business of the court.”
 
 (Ferrea
 
 v.
 
 Chabot
 
 (1898) 121 Cal. 233, 235 [53 P. 689, 1092].) The court further stated (at p. 236): “Still, the court has some discretion in the matter, and we are hardly justified in holding that the order of the judge of Department Five was a gross abuse of his discretion.” It is to be noted that in making this statement the court was referring to an order refusing a juiy trial made by a judge in a different department of the superior court than that of trial and more than a year prior to the trial. The appellant did not request a jury when the matter came up for trial, and thus the trial judge was not aware of the appellant’s desire for a jury. The holding was that the failure to renew the request prevented appellant from raising the issue on appeal.
 

 Cases subsequent to
 
 Ferrea
 
 relied upon Code of Civil Procedure section 473 for the authority to allow a juiy trial after a waiver. Cases on appeal stated that the appellate court would not interfere with the trial
 
 *652
 
 court’s discretion absent a “plain” showing of. abuse
 
 (Vinson
 
 v.
 
 Los Angeles Pac. R.R. Co.
 
 (1905) 147 Cal. 479, 483 [82 P. 53]), or without a showing of “clear” abuse.
 
 (Blumer
 
 v.
 
 Mayhew
 
 (1911) 17 Cal.App. 223, 225 [119 P. 202].) The cases often reiterated the statement in
 
 Ferrea,
 
 that the general rule should be in favor of granting a party a jury trial. (See
 
 Vinson, supra,
 
 147 Cal. at p. 483.)
 

 In 1931 the Court of Appeal recognized the trial court’s power to allow a jury trial after a waiver, but stated an appellate court would not interfere absent a “gross” abuse of discretion.
 
 (Harmon
 
 v.
 
 Hopkins
 
 (1931) 116 Cal.App. 184, 188 [2 P.2d 540].) The court held that since the appellants did not attempt to show any prejudice from having a trial to the court rather than a jury trial, reversal was not justified.
 
 (Ibid.)
 
 The court, in using the word “gross” in defining the standard for review relied solely upon the
 
 Ferrea,
 
 opinion.
 

 Harmon
 
 and
 
 Ferrea
 
 were relied upon by the Court of Appeal in
 
 Glogau
 
 v.
 
 Hagan, supra,
 
 107 Cal.App.2d at page 318, in stating that the standard of review is whether the trial court “grossly” abused its discretion in the matter. In addition, the court in
 
 Glogau
 
 cited several cases which did not use the word “gross” in defining the standard. (See cases cited in 107 Cal.App.2d at p. 318.)
 

 Glogau
 
 and
 
 Harmon
 
 were relied upon in
 
 Hayden
 
 v.
 
 Friedman
 
 (1961) 190 Cal.App.2d 409, 412 [12 Cal.Rptr. 17], where the court stated that the standard of review is whether a “gross” abuse of discretion is shown. Thereafter,
 
 March
 
 v.
 
 Pettis, supra,
 
 66 Cal.App.3d at page 480, relied upon
 
 Hayden
 
 in stating that a gross abuse must be shown.
 

 It can thus be seen that the use of the word “gross” in defining the standard of review for appellate courts has been inadvertently adopted by a chain of case law dating back to the original language in
 
 Ferrea,
 
 in which the holding of the court did not require that such a standard be set, since the appellant had failed to properly present his desire for a jury to the trial court.
 

 The cases dealing with the issue usually state the general rule that any doubts should be resolved in favor of allowing a jury trial. Likewise, the cases which uphold the denial of a jury trial usually discuss some basis for the trial court’s refusal to allow a jury trial, in terms of prejudice to the other party or the orderly conduct of the business before the court. Considering the preference in favor of granting a jury trial, it would be
 
 *653
 
 inappropriate to set a standard of review which would effectively prevent appellate review of the trial court’s refusal to allow a juiy trial, particularly where the standard rests upon appellate decisions using overbroad language in reaching a decision that would have been reached regardless of the use of the more strict standard of review.
 

 It is further worth noting that the early cases considering the court’s power to allow a juiy trial after a waiver relied upon Code of Civil Procedure section 473. Cases reviewing a trial court’s determination under that section have held that the trial court’s discretion is a legal and not an arbitrary discretion.
 

 Perhaps the most important, though seldom articulated reason for allowing the determination of a trial court to stand is best stated in
 
 Tyler
 
 v.
 
 Norton
 
 (1973) 34 Cal.App.3d 717, 722 [110 Cal.Rptr. 307]: “Defendants cannot play ‘Heads I win, Tails you lose’ with the trial court.” Reversal of the trial court’s refusal to allow a jury trial after a trial to the court would require reversal of the judgment and a new trial. It is then reasonable to require a showing of actual prejudice on the record to overcome the presumption that a fair trial was had and prejudice will not be presumed from the fact that trial was to the court or to a jury. (See
 
 Oakes
 
 v.
 
 McCarthy Co.
 
 (1968) 267 Cal.App.2d 231, 265 [73 Cal.Rptr. 127].) When, as here, the litigant acted promptly to secure a juiy trial and the trial has not yet been held, and the adverse party made no attempt to oppose the request for relief from waiver of a jury trial, to refuse to allow a jury trial would not be consistent with the often-stated language in the decisions that the general rule is in favor of allowing a jury trial.
 

 The Courts of Appeal have given various reasons for upholding the trial court’s action in denying a jury trial. In
 
 Still
 
 v.
 
 Plaza Marina Commercial Corp., supra, 21
 
 Cal.App.3d at pages 387-388, the appellant failed to deposit one day’s juiy fees 14 days prior to trial, and then did not seek relief until the morning of the trial. In
 
 Hayden
 
 v.
 
 Friedman, supra,
 
 190 Cal.App.2d at page 412, the defendant had traveled to California from Massachusetts solely for the trial, and the delay was therefore unwarranted. In
 
 Holbrook & Tarr
 
 v.
 
 Thomson
 
 (1956) 146 Cal.App.2d 800, 802-803 [304 P.2d 186], no demand was made for a jury until after the case had been set for trial for several months without a jury. In
 
 March
 
 v.
 
 Pettis, supra, 66
 
 Cal.App.3d at pages 479-480, the appellant expressly and voluntarily waived a juiy as a trial tactic and then had a change of heart, but the court stated that the relief provisions of Code of Civil Procedure
 
 *654
 
 section 631 are to protect against unknowing waivers, not express waivers. The court stated
 
 there is no abuse of the trial court’s discretion where any reasonable factors in support of the decision can be found.
 

 The right to trial by jury is a basic and fundamental part of our system of jurisprudence. (Cal. Const., art. I, § 16, formerly art. I, § 7;
 
 Lofy
 
 v.
 
 Southern Pacific
 
 Co. (1954) 129 Cal.App.2d 459, 462 [277 P.2d 423].) As such, it should be zealously guarded by the courts (see
 
 Jacob
 
 v.
 
 New York
 
 (1942) 315 U.S. 752, 753 [86 L.Ed. 1166, 1168, 62 S.Ct. 854]). In case of doubt therefore, the issue should be resolved in favor of preserving a litigant’s right to trial by juiy.
 
 (Oakes
 
 v.
 
 McCarthy Co., supra,
 
 267 Cal.App.2d at p. 265; Hernandez v.
 
 Wilson
 
 (1961) 193 Cal.App.2d 615, 619 [14 Cal.Rptr. 585];
 
 Cowlin
 
 v.
 
 Pringle
 
 (1941) 46 Cal.App.2d 472, 476 [116 Cal.Rptr. 109].)
 

 In arguing that no prejudice results from the denial of a jury trial, real parties in interest overlook the fundamental importance of the constitutional right to a juiy trial in our system of jurisprudence. That right may not be waived by implication, but only affirmatively and in the manner designated by Code of Civil Procedure section 631.
 
 (Turlock Golf etc. Club
 
 v.
 
 Superior Court
 
 (1966) 240 Cal.App.2d 693, 699 [50 Cal.Rptr. 70].) The illegal denial of a jury where juiy trial has not been waived would constitute cause to reverse any judgment.
 
 (Id.
 
 at p. 695.) We hold the denial of a jury trial after waiver where no prejudice is shown to the other party or to the court is prejudicial.
 

 Inasmuch as the petitiorier sought a juiy trial throughout the proceedings and took prompt action upon receiving notice that the jury fees had not been deposited, and real parties in interest have not and did not establish that any prejudice would result from allowing a jury trial, and the court did not base its decision upon necessities for the smooth functioning of the proceedings before it, we hold that the denial of a jury trial to the petitioner in this case was an abuse of discretion.
 

 A writ of mandate is a proper remedy to secure the right to a jury trial. (See
 
 Turlock Golf etc. Club
 
 v.
 
 Superior Court, supra,
 
 240 Cal.App.2d at p. 695.) After a trial to the court it may be difficult for the petitioner to establish that he was prejudiced by the denial of a jury trial. In addition, even if he could establish such prejudice as to warrant reversal of the judgment, such a procedure would be inefficient and time consuming.
 

 
 *655
 
 The Sacramento Superior Court is directed to vacate its order denying petitioner the right to file late juiy fees and thus preserve his right to a juiy trial, and to proceed with the action allowing petitioner to have the case tried before a juiy. Each party to bear its own costs.
 

 Reynoso, J., concurred.
 

 Evans, J., concurred in the result.