[Civ. No. 46362. First Dist., Div. Four. Feb. 4, 1980.]

CURTIS BISHOP et al., Cross-complainants
and Appellants, v.
ARTHUR ANDERSON, Cross-defendant and Respondent.

**COUNSEL**

William Coverdale for Cross-complainants and Appellants.

Rankin, Oneal, Center, Luckhardt, Marlais, Lund & Hinshaw and Mark G. Hyde for Cross-defendant and Respondent.

OPINION

**POCHÉ, J.**—The Bishops appeal from a judgment entered in favor of respondent Arthur Anderson, M.D., in an action for damages arising from malpractice. After denying appellants' request for trial by jury, the trial judge heard the case and determined that the Bishops' suit was barred by the statute of limitations. Here, appellants raise several questions with respect to respondent's statute of limitations defense and in addition, they challenge the trial court's refusal to allow a jury trial. The jury trial issue is dispositive.

Appellants filed an at-issue memorandum on August 25, 1977, in which they answered "no" to the question of whether a jury trial was requested. Two days later, respondent requested a jury trial in his at-issue memorandum. On the day set for trial, April 24, 1978, respondent waived his right to have the matter heard by a jury. The Bishops immediately requested that the court exercise its discretion and afford them a jury trial. Counsel for respondent indicated that his client's rights would not be prejudiced by a jury trial. Nonetheless, appellants' request was denied.

A negative response in an at-issue memorandum to the question of whether a jury trial was demanded constitutes "an express waiver of the right to a jury trial under Code of Civil Procedure section 631, subd. 2...." (*March* v. *Pettis* (1977) 66 Cal.App.3d 473, 477 [136 Cal.Rptr. 3].) Subdivision 4 of that section allows the court "in its discretion" to grant relief from such a waiver.

The right to trial by jury is guaranteed by the California Constitution, article I, section 16. As this court reiterated in *March* v. *Pettis, supra,* "'Whenever a doubt exists as to the propriety of granting relief ...such doubt, by reason of the constitutional guarantee, should be resolved in favor of according a litigant a trial by jury.'" (*March, supra,* at p. 480, citing *Cowlin* v. *Pringle* (1941) 46 Cal.App.2d 472, 476 [116 P.2d 109].)

Respondent suggests that the decision in *March* v. *Pettis, supra,* adopted a "gross" abuse of discretion standard for review of the trial court's exercise of discretion in this area. It did not. Variations on a theme of "abuse of discretion" have been composed by various appellate courts, as catalogued by the Court of Appeal in *Byram* v. *Superior Court* (1977) 74 Cal.App.3d 648, 651-654 [141 Cal.Rptr. 604]. Any confusion resulting from the interpretation of these cases should have been dissipated by the Supreme Court's definitive language in *Gonzales* v. *Nork* (1978) 20 Cal.3d 500, 507 [143 Cal.Rptr. 240, 573 P.2d 458]: "Because the matter is one addressed to the discretion of the trial court, that court's denial of a request for relief of jury waiver cannot be reversed in the absence of proof of *abuse of discretion.*" (Italics added.) The court concluded: "the issue before us is not whether we in our particular individualistic judgment would have reached the same decision as did the trial judge. We do not independently review the wisdom of his ruling; we decide whether, in view of the relevant considerations before him, he *arbitrarily* exercised his discretion and reached a decision that no reasonable judge would have reached." (*Id.,* at pp. 510-511, italics in original.)

*March* v. *Pettis, supra,* recognized that a trial court acts properly in denying relief and does not abuse its discretion where any reasonable factors supporting denial can be found. (*March, supra,* at p. 480.) There, the factors suggested were "the possibility of delay in rescheduling the trial for a jury, lack of funds, timeliness of request and prejudice to all the litigants. [Citations.]" The critical factor in that case was the prejudice to the other parties who neither desired nor requested a jury trial.

■ Here, respondent failed to articulate any basis to support a finding of prejudice. To the contrary, he candidly admitted that his client's rights would not be prejudiced. Further, no reasonable justification for denial of the jury trial request appears from the record. The trial by jury had been scheduled for the day that respondent made known his waiver of trial by jury, so there was no possibility of delay from rescheduling. Appellants offered to tender payment for jury fees, thereby eliminating any problem concerning lack of funds. The timeliness of appellants' request to withdraw his waiver was immediate, prior to the commencement of trial. No prejudice to the other party, the court, or its calendar was argued or found. In sum, we find no factor sufficient to support the trial court's exercise of discretion in denying appellants a

right to jury trial. The denial of a jury trial after waiver where no prejudice is shown to the other party or to the court is prejudicial. (*Byram v. Superior Court, supra,* 74 Cal.App.3d at p. 654.)

The judgment is reversed.

Caldecott, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied February 21, 1980.