[Civ. No. 47106. First Dist., Div. Three. Sept. 23, 1981.]

ELINOR SIMMONS, Plaintiff and Appellant, v.
PRUDENTIAL INSURANCE COMPANY OF AMERICA,
Defendant and Respondent.

834

COUNSEL

Melvyn D. Silver, Suden & Silver, Beauzay, Hammer, Ezgar, Bledsoe
& Rucka and Ann Elliott Bailey for Plaintiff and Appellant.

Richard J. Kilmartin, Knight, Boland & Riordan, Alfred B. Britton,
Jr., and Campbell, Warburton, Britton, Fitzsimmons & Smith for De-
fendant and Respondent.

OPINION

**BARRY-DEAL, J.**—Plaintiff-appellant, Elinor Simmons, appeals from an adverse judgment following a court trial in her action for breach of contract in which she sought accidental death benefits of $54,900 under a double-indemnity life insurance policy on the life of her deceased husband, Dale M. Simmons, who died on January 9, 1975.

Appellant assigns various errors to the court's findings of fact on the cause of Mr. Simmons' death and asserts that the trial court abused its discretion in denying her the right to trial by a jury. Since the jury trial issue is dispositive of the case, we do not reach the merits of the other issues.

### PROCEDURAL BACKGROUND

■ On April 5, 1978, appellant filed an at-issue memorandum in which she stated that she was not requesting a jury trial. A few days later, respondent filed its at-issue memorandum requesting a jury trial. In her trial setting conference statement dated August 16, 1978, appellant again waived a jury by answering "No" to the question, "Is a jury demanded and by whom?" The trial setting conference order dated August 21, 1978, recited that a jury had been demanded by respondent.

On October 23, 1978, the day set for trial, respondent filed its written waiver of trial by jury. In the department assigned for trial, appellant's counsel requested a jury and argued that there were no grounds for denial of such relief. He pointed out that the matter had been calendared as a jury trial, that he had deposited jury fees two weeks previously, and that respondent would not be prejudiced. He explained that a young associate had been directed to request a jury at the trial setting conference but had failed to do so in reliance on respondent's request and that he had omitted filing a motion for relief from waiver because of a prior order against motions 20 days before trial.

Respondent, citing *March* v. *Pettis* (1977) 66 Cal.App.3d 473 [136 Cal.Rptr. 3], argued that "a change of mind" was not a sufficient ground for relieving appellant of her two previous jury waivers. The court agreed[1] and denied appellant's request for a jury. Neither the

---

[1]From its questions, the court's skepticism about appellant's good faith reliance on respondent's jury request is apparent. Appellant, not relying on respondent's prior request, initially waived a jury. The representation by appellant's counsel that a young

court nor respondent's counsel voiced any inconvenience or prejudice that might flow from granting appellant's request for a jury. Appellant properly noted an exception to the court's denial (Code Civ. Proc., § 646), and the subsequent five-day court trial resulted in a judgment for respondent.

## DISCUSSION

"Trial by jury is an inviolate right and shall be secured to all .... In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute." (Cal. Const., art. I, § 16.) The methods by which a party may waive a trial by jury are set out in Code of Civil Procedure section 631.[2] We are concerned here with the application of subdivisions 2 and 4 of that section.

Subdivision 2 provides that a jury trial may be waived by "written consent filed with the clerk or judge." A negative response in an at-issue memorandum to the question of whether a jury trial was demanded constitutes "an express waiver of the right" under this subdivision. (*Bishop* v. *Anderson* (1980) 101 Cal.App.3d 821, 823 [161 Cal.Rptr. 884], quoting *March* v. *Pettis, supra*, 66 Cal.App.3d at p. 477.) Similarly, a negative response to whether a jury trial is demanded in the trial setting conference statement constitutes an express waiver of the right to a jury trial under the statute. Thus, appellant expressly waived her right to a jury not once, but twice—in the at-issue memorandum and in the trial setting conference statement.

Nevertheless, appellant's waivers were not irrevocable. (See *Taylor* v. *Union Pac. R.R. Corp.* (1976) 16 Cal.3d 893, 897 [130 Cal.Rptr. 23, 549 P.2d 855]; *Byram* v. *Superior Court* (1977) 74 Cal.App.3d 648, 650 [141 Cal.Rptr. 604].) The statutory pattern of section 631 "contemplates an alternating process of waiver in which the onus of demand for jury and deposit of jury fees may briefly oscillate back and forth be-

---

associate had mistakenly failed to request a jury at the trial setting conference is belied by the trial setting conference statement. Having been typed, it was obviously prepared before the conference and indicated a jury waiver. Counsel's excuse for failure to file a motion to correct the jury-waiver "error" was also suspect. He pointed to an order against any motions 20 days before trial, but failed to note that the order of August 21, 1978, merely provided that "no *discovery* motions will be heard ... later than 20 days prior to trial." The trial court, however, did not articulate any of its concerns as a reason for denying appellant's request for a jury.

[2]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

tween the parties until final waiver by the last party permitted to assert the right, subject always to trial court discretion to relieve from waiver for just cause." (*Taylor* v. *Union Pac. R.R. Corp., supra*, 16 Cal.3d at p. 898.)

Subdivision 4 of section 631 allows for reinstatement of the right to a jury and is designed as a safeguard against a party's inadvertent waiver in reliance on an opposing party's demand. It states in pertinent part: ". . . provided further, that in any superior court action if a jury is demanded by either party in the memorandum to set cause for trial and such party thereafter by announcement or by operation of law waives a trial by jury, then in said event any and all adverse party or parties shall be given 10 days' written notice by the clerk of the court of such waiver, whereupon, notwithstanding any rule of the court to the contrary, such adverse party or parties shall have not exceeding five days immediately following the receipt of such notice of such waiver, within which to file and serve a demand for a trial by jury and deposit advance jury fees for the first day's trial whenever such deposit is required by rule of court, and if it is impossible for the clerk of the court to give such 10 days' notice by reason of the trial date, or if for any cause said notice is not given, the trial of said action shall be continued by the court for a sufficient length of time to enable the giving of such notice by the clerk of the court to such adverse party."

We can infer from the skimpy record in the case before us that respondent failed to deposit jury fees 14 days before trial, which operated as a waiver under subdivision 5 of section 631. We can also infer that the court clerk failed to send to appellant (the adverse party) the 10 days' notice required by subdivision 4 when a party originally demanding a jury subsequently waives the right "by announcement or by operation of law." If appellant had been given the required notice, she would then have had the statutory right within five days after receipt "to file and serve a demand for a trial by jury and deposit advance jury fees." The court clerk understandably missed the signals. Although respondent "indicated" to appellant about two weeks before trial that it might be waiving a jury, it made no such "announcement" to the court until the morning of trial. Appellant, informally notified of the possible waiver and not waiting for the clerk's notice of the waiver by operation of law, deposited the jury fees with no accompanying demand for jury. The clerk either did not note the source of the fees or incorrectly concluded that the notice was not required when fees were paid—irrespective of the paying party.

Subdivision 4 of section 631 is clear. If the party demanding a jury subsequently waives the right, the clerk must give 10 days' notice of the waiver to all adverse parties. Payment of fees by an adverse party does not relieve the clerk of this obligation.

The judgment must be reversed for lack of compliance with the statutory mandate under the reasoning of *Heim* v. *Houston* (1976) 60 Cal. App.3d 770 [131 Cal.Rptr. 755], which we find persuasive and applicable to the case at bench. In *Heim*, the court held that "[s]ince the 10 days' notice was not given by the clerk, subdivision 4 required the court to continue the trial for a sufficient time for the notice to be given and to afford [appellant] 5 days in which to demand a jury and deposit advance jury fees. The court's summary denial of [appellant's] request for a jury trial, where the requirements of the subdivision had not been met, constituted an erroneous denial of [appellant's] right to a jury trial and a miscarriage of justice requiring reversal of the judgment. [Citation.] [Appellant's] participation in the trial after her request for a jury had been denied does not preclude her from asserting error in the ruling on appeal. [Citation.]" (*Id.*, at p. 774; see also *Leslie* v. *Roe* (1975) 52 Cal.App.3d 686, 688 [125 Cal.Rptr. 157].)

Reversal of the judgment is also dictated under cases which focus on the trial court's exercise of discretion rather than on the statutory requirements.

On the morning of trial, appellant's counsel failed to assert, or even to mention, the right to a five-day continuance under subdivision 4. Instead, appellant's counsel acknowledged that relief from the previous waivers was within the discretion of the trial court and made the arguments previously mentioned. The court, without consideration of the statutory scheme for reinstatement of the right to a jury, "exercised its discretion" and denied appellant's request for a jury. On appeal, appellant's counsel argues only that the trial court abused its discretion. We agree that it did.

The facts of this case fall squarely within the holding of *Bishop* v. *Anderson, supra,* 101 Cal.App.3d 821. Neither the court nor respondent articulated any prejudice or inconvenience to the parties or to the court in granting appellant relief from her prior waivers. Jury fees had previously been paid, and the record does not reflect that the matter had been transferred to a nonjury calendar or that a jury had been dismissed. "The denial of a jury trial after waiver where no prejudice is

shown to the other party or to the court is prejudicial." (*Id.*, at p. 825; *Byram* v. *Superior Court, supra*, 74 Cal.App.3d at p. 654.)

Respondent relies on *March* v. *Pettis, supra*, 66 Cal.App.3d 473, for the proposition that a "change of mind" is insufficient reason for relief from waiver of a jury. The court, in *March* v. *Pettis*, pointed out that "a court is entitled to consider many factors, including the possibility of delay in rescheduling the trial for a jury, lack of funds, timeliness of request and prejudice to all litigants." (*Id.*, at p. 480.) Acknowledging that the constitutional guarantee dictated that any doubts should be resolved in favor of granting a jury trial, the court nevertheless held that "relief will be denied where the only reason for the demand appears to be the party's change of mind or where a demand for a jury is being used as a 'pretext to obtain continuances and thus trifle with justice.'" (*Ibid.*) The court went on to say that a court "does not abuse its discretion where any reasonable factors supporting denial can be found," and then found that denial of a jury was not an abuse of discretion because of the disadvantage to three defendants who neither desired nor requested a jury. (*Ibid.*)

In the case before us, appellant had deposited the jury fees and was ready to proceed, the respondent expressed no disadvantage, and the court did not articulate any inconvenience to it or find that appellant was "trifling with justice." The trial court abused its discretion in denying appellant a jury trial.

The judgment is reversed.

Scott, Acting P. J., and Feinberg, J., concurred.

A petition for a rehearing was denied October 23, 1981, and respondent's petition for a hearing by the Supreme Court was denied November 18, 1981.