# IN THE SUPREME COURT OF CALIFORNIA

TRICOAST BUILDERS, INC.,
Plaintiff and Appellant,

v.

NATHANIEL FONNEGRA,
Defendant and Respondent.

S273368

Second Appellate District, Division Two
B303300

Los Angeles County Superior Court
PC056615

February 26, 2024

Justice Kruger authored the opinion of the Court, in which Chief Justice Guerrero and Justices Corrigan, Liu, Groban, Jenkins, and Evans concurred.

TRICOAST BUILDERS, INC. v. FONNEGRA

S273368


Opinion of the Court by Kruger, J.


The California Constitution provides that all civil litigants have the right to trial by jury, but they may waive that right in a manner prescribed by statute. (Cal. Const., art. I, § 16.) The statute implementing this provision, Code of Civil Procedure section 631 (section 631), sets forth various acts and omissions that constitute jury waiver, including failing to make a timely jury demand and failing to timely deposit a jury fee in accordance with statutory requirements. (§ 631, subd. (f).) Waiver does not categorically foreclose trial by jury; a litigant that has waived jury trial may seek relief from the waiver. The trial court has discretion whether to grant relief, on such terms as may be just. (§ 631, subd. (g) (section 631(g)).)

This case raises two questions about the adjudication of requests for relief from jury waiver under section 631(g). The first question concerns proceedings in the trial court: Must a trial court always grant relief from a jury waiver if proceeding with a jury would not cause hardship to other parties or to the trial court? We conclude that the answer is no; a trial court's discretion is not so constrained. The presence or absence of hardship is always a primary consideration, and it is often dispositive in cases where the litigant has given timely notice that it desires a jury trial and seeks relief from mere technical statutory waiver, such as failure to post the required jury fee at the correct time or in the correct amount. But a request for relief from jury waiver always calls for consideration of multiple

1

factors in addition to hardship, including the timeliness of the request and the reasons supporting the request.

The second question concerns proceedings on appeal: If a litigant challenges the denial of relief from jury waiver for the first time on appeal of the judgment of the trial court, must the litigant show actual prejudice to obtain reversal, or will prejudice be presumed? We conclude that, where the constitutional right of jury trial has been validly waived, prejudice from the denial of section 631(g) relief will not be presumed but must be shown.

In this case, plaintiff TriCoast Builders, Inc. (TriCoast) waived jury trial, but unsuccessfully sought relief from waiver when its opponent dropped his jury demand on the day of trial. After a bench trial, the court entered judgment against TriCoast. Now appealing that adverse judgment, TriCoast's sole claim of prejudice concerns the efforts it wasted in preparing for a jury trial that had been requested, then belatedly waived, by the other side. These are, however, costs that can never be recouped, even if TriCoast were now granted the do-over it seeks, and that have nothing to do with the fairness of the trial TriCoast received. Because TriCoast has failed to establish the prejudice necessary to justify reversing the trial court's judgment, we affirm the judgment of the Court of Appeal, which reached the same conclusion on this issue.

## I.

The issues in this case arise from litigation between TriCoast, a general building contractor, and homeowner Nathaniel Fonnegra. Fonnegra hired TriCoast to handle repairs on his house after it was damaged by a fire. Unhappy with the quality of TriCoast's work, Fonnegra terminated the contract

and hired a new contractor. TriCoast sued Fonnegra for damages and to enforce a mechanics lien.[1]

Pretrial proceedings in the case spanned four years, during which Fonnegra demanded a jury trial. (§ 631, subd. (b).) TriCoast did not demand a jury or post fees, and thus waived its right to a jury trial. (*Id.*, subd. (f)(5).) TriCoast nonetheless prepared for a jury trial because of Fonnegra's demand.

After years of pretrial proceedings, the case was set for a jury trial to begin on September 23, 2019. The minute order for that day's proceedings stated that the "NATURE OF PROCEEDINGS" would be a "JURY TRIAL." On the morning of September 23, however, Fonnegra informed the court that he was "willing to waive a jury." TriCoast immediately objected, stating that it was "going to post fees today for a jury trial. We're not waiving. We prepared for a jury trial, we'd like a jury trial." Fonnegra responded that TriCoast had already waived its jury right by failing to timely post fees. The trial court agreed. Though TriCoast had offered to post fees that day, the court concluded this offer to post fees came too late, "[s]o it's going to be a court trial."

TriCoast requested a jury trial notwithstanding its earlier waiver. TriCoast argued that it had prepared for a jury trial given Fonnegra's demand, that it had a right to a jury trial, and that Fonnegra's decision to revoke his jury demand on the

---

[1] TriCoast also sued additional parties, including Fonnegra's new contractor, but by the time of trial the litigation with all of the other defendants had been resolved through settlement, demurrer, or summary judgment. (*TriCoast Builders, Inc. v. Fonnegra* (2022) 74 Cal.App.5th 239, 243 & fn. 2 (*TriCoast*).)

morning of trial was "unfair, to put it mildly." The trial court denied this request for relief from jury waiver, explaining: "When the fees haven't been paid, and you haven't paid them, the party that did pay them has waived the jury trial, so that's it." In its order denying relief, the trial court simply noted it had denied TriCoast's oral request for relief, "find[ing] that Plaintiff[,] not having paid jury fees, has waived trial by jury."

The trial court noted that TriCoast could challenge the ruling by filing a petition for an extraordinary writ if it wished, but TriCoast did not do so. Instead, TriCoast, Fonnegra, and the court proceeded with a bench trial. After a seven-day trial, the court ruled in favor of Fonnegra.

TriCoast filed a motion for a new trial. In the motion, TriCoast argued that the court abused its discretion by denying TriCoast's request for relief from waiver of its jury right. TriCoast stated that it had "expended considerable resources in" preparing for a jury, including "tailor[ing] its opening statement, exhibits, witnesses, and presentation for a jury." It further noted that "[n]either the court nor Fonnegra articulated any prejudice as a result of [TriCoast's] request for a jury trial." TriCoast cited case law indicating that, in the absence of prejudice to the court or the opposing party, the court should have granted the request to proceed with trial by jury. The trial court denied TriCoast's motion, again citing TriCoast's failure to timely pay jury fees.

TriCoast appealed, arguing that the trial court committed reversible error when it denied TriCoast's motion for relief from waiver of a jury trial. The Court of Appeal rejected TriCoast's argument in a divided decision. (*TriCoast, supra*, 74 Cal.App.5th at p. 243.)

The majority began by faulting TriCoast for challenging the trial court's denial of relief only after the bench trial had already concluded and judgment was rendered, rather than seeking interlocutory review of that denial by filing a petition for writ of mandate. Having raised the issue by way of postjudgment appeal, the majority concluded, TriCoast was required to establish prejudice resulting from the bench trial, which it could not do. (*TriCoast, supra*, 74 Cal.App.5th at p. 248.)

In so holding, the majority agreed with several appellate opinions that a party that "fails to seek writ review of an order denying relief from jury waiver under section 631 must demonstrate actual prejudice" when challenging that denial postjudgment. (*TriCoast, supra*, 74 Cal.App.5th at p. 245, citing *Byram v. Superior Court* (1977) 74 Cal.App.3d 648, 653 (*Byram*); *McIntosh v. Bowman* (1984) 151 Cal.App.3d 357, 363 (*McIntosh*); *Gann v. Williams Brothers Realty, Inc.* (1991) 231 Cal.App.3d 1698, 1704 (*Gann*).) The majority acknowledged that the Court of Appeal in *Mackovska v. Viewcrest Road Properties LLC* (2019) 40 Cal.App.5th 1, 12–17 (*Mackovska*) had reached a contrary conclusion, rejecting an actual prejudice requirement as inconsistent with courts' obligation to protect the jury right. The majority criticized *Mackovska* for failing to appreciate the difference between protecting the jury right in the first instance and permitting jury trial after the right has been waived. (*TriCoast*, at p. 246.) The majority also noted that *Mackovska* was distinguishable because it concerned a timely request for relief following an apparently inadvertent waiver, whereas TriCoast made a belated request following an

5

intentional waiver.[2] (*TriCoast*, at pp. 246–248.) Under the circumstances, the majority held, TriCoast was not entitled to reversal of the judgment on appeal, even if it could show that the trial court had abused its discretion in denying TriCoast's request for relief from waiver.

Next, and evidently in the alternative, the Court of Appeal majority held that the trial court did not, in fact, abuse its discretion. (*TriCoast, supra*, 74 Cal.App.5th at pp. 248–250.) The majority reasoned that the request for relief was untimely because TriCoast did not demand a jury or offer to post fees until the day of trial. (*Id.* at p. 248.) The majority acknowledged TriCoast's argument that granting relief would not have caused any harm, and it recognized that other appellate courts had stated that " 'a motion to be relieved of a jury waiver should be granted unless, and except, where granting such a motion would work serious hardship to the objecting party.' " (*Id.* at p. 249, quoting *Boal v. Price Waterhouse & Co.* (1985) 165 Cal.App.3d 806, 809 (*Boal*).) But the majority distinguished these cases as involving situations where the initial jury waiver was the result of a mistake — for example, where the party mistakenly failed to post jury fees after giving notice it desired jury trial.

---

[2]    As explained below, courts generally use the word "waiver" to refer to the intentional relinquishment of a known right or privilege — making the term "inadvertent waiver" seem like something of a contradiction in terms. (See *post*, p. 16.) But under section 631 both intentional and unintentional relinquishments of the jury trial right are deemed "waivers." Accordingly, courts have used the term "inadvertent waiver" in this context to refer to a mistaken failure to comply with statutory requirements for demanding a jury under section 631, resulting in an unintentional relinquishment of the right to a jury trial.

(*TriCoast*, at pp. 249–250.) In this case, it was undisputed that TriCoast's jury waiver had been intentional. (*Id.* at p. 250.) The majority went on to opine that, even in cases involving mistaken or inadvertent jury waivers, hardship is not necessarily dispositive; rather, "[p]rejudice to the parties is just one of several factors the trial court may consider" in exercising its discretion under section 631(g). (*TriCoast*, at p. 250, citing *Gann, supra*, 231 Cal.App.3d at p. 1704.)

Justice Ashmann-Gerst dissented. (*TriCoast, supra*, 74 Cal.App.5th at p. 251 (dis. opn. of Ashmann-Gerst, J.).) She would have held that it was an abuse of discretion to deny TriCoast's request for relief from jury waiver in the absence of a showing that relief would cause hardship to the other side. She would also have held, consistent with *Mackovska*, that the error warranted reversal of the judgment on appeal, regardless of whether TriCoast could show that the error caused it actual prejudice. (*Id.* at pp. 254–255 (dis. opn. of Ashmann-Gerst, J.).)

We granted review.

## II.

## A.

Under the California Constitution, "[t]rial by jury is an inviolate right and shall be secured to all" in civil as well as criminal cases. (Cal. Const., art. I, § 16.) But like most constitutional rights, the right to jury trial can be waived. In criminal cases, waiver requires "the consent of both parties expressed in open court by the defendant and the defendant's counsel." (*Ibid.*) In civil cases, by contrast, the right may be waived "by the consent of the parties expressed as prescribed by statute." (*Ibid.*)

The statute in question, section 631, traces back to California's earliest civil procedure statute, the 1851 Practice Act (Stats. 1851, ch. 5, § 179, p. 78), and was recodified in the newly enacted Code of Civil Procedure in 1872 (1872 Code Civ. Proc., former § 631). In these early iterations, the statute prescribed limited modes for expressing consent to jury waiver: A litigant could waive jury trial either by failing to appear at trial or else by written or recorded oral consent. (See, e.g., *Platt v. Havens* (1897) 119 Cal. 244, 247–248 (*per curiam*), citing former § 631.)[3] In 1915, the Legislature added two additional methods of waiver: failing to timely announce that a jury is required and failing to deposit jury fees. (Stats. 1915, ch. 403, § 1, pp. 649–650.) Since then, the statutory grounds for civil jury waiver have remained largely unchanged, with the

---

[3]     The statute also offered the possibility of waiver through other means prescribed by the court, but an early decision of this court made clear that the Legislature alone has the power to set jury waiver rules in civil cases. (*Exline v. Smith* (1855) 5 Cal. 112, 112–113; see *Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944, 952 (*Grafton Partners*).) The Legislature would later omit the provision from the statute. (Stats. 1915, ch. 403, § 1, pp. 649–650.)

Notwithstanding *Exline*, this court repeatedly upheld court rules requiring prepayment of jury fees as a reasonable condition on the invocation of the jury right. (*Conneau v. Geis* (1887) 73 Cal. 176, 177 ["A rule requiring the fee to be paid in advance is a reasonable precaution to prevent the jurors from being defrauded by unscrupulous parties, and to prevent the demand of a jury being used as a pretext to obtain continuances, and thus trifle with justice"]; accord, *Napthaly v. Rovegno* (1900) 130 Cal. 639, 640–641; *Adams v. Crawford* (1897) 116 Cal. 495, 497; see also *People v. Metropolitan Surety Co.* (1912) 164 Cal. 174, 176–179 [discussing cases].)

exception of the requirements governing the payment of jury fees — a subject to which much of section 631 is now directed.

The current version of section 631 provides that a party may waive the right to a jury trial in any one of several ways, including, as relevant here, "failing to announce that a jury is required" at or near the time the case is first set for trial (§ 631, subd. (f)(4)), or by failing to timely pay a $150 nonrefundable jury fee, typically on or before the date scheduled for the initial case management conference (*id.*, subd. (f)(5); see *id.*, subds. (b) [setting the amount], (c) [prescribing the time for paying the jury fee, and setting out exceptions for unlawful detainer actions and certain actions pending as of June 28, 2012]).[4] At least one party on each side of the dispute must timely post the jury fee in order to preserve the jury right for that "side of the case." (§ 631, subds. (b) ["Payment of the fee by a party on one side of the case shall not relieve parties on the other side of the case from waiver pursuant to subdivision (f)"], (f)(5) [failure to pay the jury fee constitutes waiver "unless another party on the same side of the case has paid that fee"].)

Waiver in the manner prescribed by section 631 is not necessarily the end of the line. Following section 631's enactment, courts consistently held that a trial court has the discretion to proceed with a jury trial even though the jury right had been waived. (*Brown v. Brown* (1930) 104 Cal.App. 480, 488 [considering the point "well settled"]; see also, e.g., *Dickey v. Kuhn* (1932) 125 Cal.App. 68, 72 ["[N]otwithstanding a jury has

---

[4]     Although the statute requires the payment of the jury fee in all cases, our cases have made clear that the requirement does not apply to indigent litigants. (See *Martin v. Superior Court* (1917) 176 Cal. 289, 290–291.)

been waived in the statutory manner, it is within the discretion of the trial court to disregard the waiver and try the case by a jury"]; *Byram, supra,* 74 Cal.App.3d at pp. 651–652 [collecting additional cases].) In 1933, the Legislature amended section 631 to make that authority explicit. (Stats. 1933, ch. 744, § 104, p. 1875.) Today, that statutory authorization appears in section 631(g), which states in full: "The court may, in its discretion upon just terms, allow a trial by jury although there may have been a waiver of a trial by jury."

## B.

The first question for our consideration concerns the nature of a court's discretion to allow a jury trial under section 631(g) notwithstanding a party's waiver of the jury right. TriCoast does not dispute that it had waived its jury right; at no point in four years of pretrial proceedings did TriCoast ask for a jury, nor did TriCoast deposit the required jury fee. TriCoast argues, however, that the trial court in this case erred when it refused to allow TriCoast to proceed with the jury trial that Fonnegra had demanded, then waived on the day of trial. TriCoast relies on a line of cases stating that, in cases of inadvertent waiver, it is an abuse of discretion to deny relief from jury waiver in the absence of any showing that proceeding with a jury trial would have harmed the other side. Disagreeing, Fonnegra relies on a different line of cases identifying additional factors trial courts should consider in deciding whether to grant relief from jury waiver.

We agree with Fonnegra that section 631(g) does not limit a trial court's discretion in the manner TriCoast suggests. Certainly the text does not state that a court must grant relief from waiver in the absence of a showing of hardship. It instead

states only that the court may grant relief "in its discretion upon just terms." (§ 631(g).) This open-ended grant of discretion does not direct courts to narrow their focus to any single factor. Rather, it suggests that courts should consider all factors relevant to whether granting relief in the particular situation before them would be "just." (*Ibid.*)

Considered as a whole, the body of appellate case law addressing section 631(g) reveals a considerable degree of consensus about the relevant considerations. Among these, the primary consideration is indeed whether granting relief from waiver would result in any hardship to other parties or to the court, such as delay in rescheduling the trial for a jury or inconvenience to witnesses. But courts have also regularly considered other factors, including the timeliness of the request; whether the requester is willing to comply with applicable requirements for payment of jury fees; and the reasons supporting the request. (*Gonzales v. Nork* (1978) 20 Cal.3d 500, 508, 511 (*Gonzales*); see *Gann, supra*, 231 Cal.App.3d at p. 1704; *Boal, supra*, 165 Cal.App.3d at p. 809; *McIntosh, supra*, 151 Cal.App.3d at p. 363; *Simmons v. Prudential Ins. Co.* (1981) 123 Cal.App.3d 833, 838–839 (*Simmons*); *Bishop v. Anderson* (1980) 101 Cal.App.3d 821, 824; *March v. Pettis* (1977) 66 Cal.App.3d 473, 480.)

This court's decision in *Gonzales* is illustrative. There, one of two defendants had initially waived the jury right but later asked for relief from that waiver when its codefendant waived jury midtrial. We noted that despite earlier opportunities to seek such relief, the defendant sought relief only after he had begun to argue issues to the judge, sitting as trier of fact. The timing, this court noted, gave "rise to the suspicion that the motion signified merely that [the defendant], after arguing

before the judge, had changed his mind about the tactical advantages of jury trial vis-à-vis court trial." (*Gonzales*, *supra*, 20 Cal.3d at p. 503.) For that reason, as well as because of concerns relating to inconvenience to the witnesses and the jurors, we concluded the trial court had not abused its discretion in denying the defendant's request for relief from waiver. (See *id.* at p. 511.)[5]

Several Court of Appeal cases are to similar effect. The cases illustrate that the presence or absence of hardship is not always dispositive when weighed against other relevant factors, particularly the strength or weakness of the reasons supporting the request. The cases hold that a trial court reviewing a motion for relief from waiver may consider whether the motion for relief simply reflects a belated change of heart about trial tactics — or, worse, is being used as a "pretext to obtain continuances and thus trifle with justice" — and may deny the motion for that reason alone. (*Cowlin v. Pringle* (1941) 46 Cal.App.2d 472, 476 (*Cowlin*), citing *Conneau v. Geis*, *supra*, 73 Cal. at p. 177; accord, *Cloud v. Market Street Ry. Co.* (1946) 74 Cal.App.2d 92, 103 [denying relief where the only reason for the request appeared to be a change in trial tactics]; *Day v. Rosenthal* (1985) 170 Cal.App.3d 1125, 1177 ["It is well settled that a simple change of mind is not enough to justify relief from a jury waiver," and it

_____

[5] TriCoast argues that *Gonzales* illustrates a different point: that willingly participating in proceedings before a judge will ordinarily constitute a waiver of the jury right. This is true. (*Gonzales*, *supra*, 20 Cal.3d at pp. 508–509.) But the analysis in *Gonzales* was not limited to this proposition. Rather, in determining whether relief from jury waiver was appropriate, we considered the timing of the request for relief and the motivations behind the request, as well as the hardship and inconvenience to witnesses and jurors.

is "not an abuse of discretion for the trial court to deny relief on that basis, alone"]; see also 7 Witkin, Cal. Procedure (6th ed. 2021) Trial, § 98, p. 105 ["Courts have refused to grant motions for relief where the motion appears to be a trial tactic"].)

TriCoast relies on a line of appellate cases stating that a trial court should grant a motion to be relieved of a jury waiver " 'unless, and except, where granting such a motion would work serious hardship to the objecting party.' " (*Mackovska, supra,* 40 Cal.App.5th at p. 10, quoting *Boal, supra,* 165 Cal.App.3d at p. 809, and citing *Gann, supra,* 231 Cal.App.3d at p. 1703.) This categorical-sounding statement of the rule might seem flatly inconsistent with the multifactor approach taken in the cases we have already described. But, while some of TriCoast's cases state the rule broadly, others contain a narrower statement of the same idea, making clear that hardship is not, in fact, the only consideration in play. (E.g., *Gann,* at p. 1704 ["The court abuses its discretion in denying relief where there has been no prejudice to the other party or to the court from an *inadvertent* waiver" (italics added)].)

Virtually all of TriCoast's cases involve variations on the same basic fact pattern: A party gave timely notice that it desired a jury trial but was found to have waived jury trial through failure to timely post the correct amount of jury fees or through another form of technical noncompliance with jury demand procedure, and so sought relief from waiver under section 631(g). (See *Byram, supra,* 74 Cal.App.3d at p. 650 [party requested a jury "throughout the proceedings," but inadvertently waived the right when his lawyer's secretary failed to post jury fees 14 days in advance]; *Boal, supra,* 165 Cal.App.3d at p. 809 [new attorney accidentally marked the wrong form after consistent series of prior jury trial demands];

*Johnson-Stovall v. Superior Court* (1993) 17 Cal.App.4th 808, 809 [party demanded a jury in a case management statement but failed to timely post fees]; *Massie v. AAR Western Skyways, Inc.* (1992) 4 Cal.App.4th 405, 412 [party demanded jury trial by memorandum but failed to timely post jury fees due to counsel's unfamiliarity with local court rule]; *Wharton v. Superior Court* (1991) 231 Cal.App.3d 100, 102, 104 [mistaken waiver due to confusion about the requisite fees amount, despite an earlier jury demand]; *Winston v. Superior Court* (1987) 196 Cal.App.3d 600, 602 [party demanded a jury but failed to timely post jury fees due to conflicting statutory deadlines].)[6]

---

[6]    Two of the cases that TriCoast cites, *Bishop* and *Simmons*, involve somewhat different fact patterns. The parties seeking relief from waiver there had expressly waived their right to a jury trial in their at-issue memorandum but later invoked a then-available statutory mechanism for picking up a jury invocation after their opponents dropped their jury demands. In both cases, the courts concluded that the parties were entitled to relief, notwithstanding case law precluding "pick up" after an express waiver of jury trial. (See *Bishop*, *supra*, 101 Cal.App.3d at p. 823; *Simmons*, *supra*, 123 Cal.App.3d at pp. 836, 837–838; see also *Taylor v. Union Pac. R.R. Corp.* (1976) 16 Cal.3d 893, 899 [describing the statutory " 'pick[] up' " mechanism, which "permitt[ed] a party to rely upon another party's demand and deposit of fees"].) The statutory "pick up" procedure that formed the backdrop to these cases no longer exists. (See Stats. 2002, ch. 806, § 15, p. 5146.) To the extent the reasoning of these cases suggests that a trial court is always required to grant relief from an express jury waiver if doing so would not cause hardship, we conclude the cases are incorrect and disapprove them.

TriCoast also cites a third case, *Mackovska*. In that case, there appeared to be some uncertainty about whether the appellant had lost the jury right through mere technical

To the extent that some of these cases contain language suggesting hardship is the only relevant consideration under section 631(g), that suggestion is incorrect, and we disapprove it. (See fn. 6, *ante*.) But we cast no doubt on the actual holdings of the cases, which are consistent with an understanding that the section 631(g) inquiry depends on consideration of multiple factors and not just on considerations of hardship standing alone. As we read them, the cases stand for this modest but important proposition: When a party that has timely given notice that it desires trial by jury then loses the jury right because of technical noncompliance with some element of statutory procedure — such as failure to pay jury fees at the right time or in the right amount — lack of hardship to the other parties or the court is generally controlling, absent other factors that weigh against relief.

Stated as a general rule, the principle underlying these cases is sound. When section 631 was first enacted, the sole bases for finding waiver of the civil jury right were nonappearance at trial and express consent to waiver. Over the course of the last century, however, the statutory bases for finding jury waiver have expanded well beyond what we would

statutory waiver. The Court of Appeal evidently believed he had, noting that he had requested a jury trial in his case management statement but failed to post jury fees. (*Mackovska, supra,* 40 Cal.App.5th at pp. 6–7 & fn. 2.) But the court also acknowledged the trial court's assertion that appellant had stipulated to a court trial, even as the appellate court doubted the accuracy of the assertion. (*Id.* at pp. 8, 11, fn. 6.) Regardless of which view of the facts was ultimately correct, the *Mackovska* court was incorrect to state categorically that trial courts abuse their discretion whenever they deny relief from waiver without a showing of hardship to the opposing party.

ordinarily term "waiver" of a constitutional right, to encompass noncompliance with various procedural requirements for making jury demands, including requirements to post jury fees at the correct time or in the correct amount. (Cf. *Rockefeller Technology Investments* (*Asia*) *VII v. Changzhou SinoType Technology Co., Ltd.* (2020) 9 Cal.5th 125, 140 [generally, waiver is " 'voluntary, knowing, and intelligently made,' " or the " ' "intentional relinquishment or abandonment of a known right or privilege" ' "].)  This expansion has increased the possibility that the jury right, though otherwise timely invoked, might nonetheless be lost through mere technical statutory error — what courts have sometimes loosely described as "inadvertent" waiver (*Gann, supra*, 231 Cal.App.3d at p. 1704).

Section 631(g) alleviates the harshness of this result by allowing courts to forgive a party's technical noncompliance when the party has fulfilled the core objective of the statute, which is to give timely notice that a jury is demanded.  At least in the absence of countervailing factors, courts have generally granted such forgiveness where to do so would not result in hardship.  This is much the same approach courts take in other instances involving technical noncompliance with statutory requirements.  (See, e.g., *Assembly v. Deukmejian* (1982) 30 Cal.3d 638, 652 [applying doctrine of substantial compliance].)  It is also consistent with the courts' general policy of resolving doubts about section 631 waiver " 'in favor of according to a litigant a jury trial,' " in keeping with the constitutional guarantee. (*Grafton Partners, supra*, 36 Cal.4th at p. 958.)

But these cases involving mere technical statutory waiver raise different considerations from cases in which a party at first opted against invoking the jury right, then later seeks relief from the consequences of that choice.  And in all events, in every

case the trial court properly considers all relevant factors in deciding whether it should exercise its discretion to grant relief to a litigant. As *Gonzales* and other cases indicate, whether relief would cause hardship to other parties or the court is always a primary factor, but it is not the only factor. Without attempting any exhaustive list of relevant considerations, a court may consider, in addition to hardship, the timeliness of the request; the party's willingness to comply with applicable jury fee obligations; and the party's reasons for seeking the relief.

To this point, we agree with the Court of Appeal in this case, which held that the trial court was not required to grant TriCoast's request for relief from waiver once it was established that no harm would result from proceeding with a jury trial.

It is nonetheless unclear whether the trial court in this case exercised its discretion in a manner consistent with the law as we have described it. TriCoast never communicated a desire for jury trial before it made its oral request for relief from waiver, and TriCoast does not dispute that its decision not to invoke the jury right was an intentional one. But its request for relief from waiver was not, as far as the record reveals, driven by gamesmanship or desire for tactical advantage, as in *Gonzales*. Rather, though TriCoast did not wish for a jury trial, Fonnegra had demanded one, so TriCoast had prepared its case accordingly. When Fonnegra decided to waive the jury on the morning of trial, TriCoast sought relief that would enable it to reinstate the jury trial so that it could present the case in the manner it had prepared for.

So far as the record in this case reveals, the trial court denied TriCoast's motion simply because TriCoast had failed to make a deposit of jury fees. But under section 631, a party's

failure to deposit jury fees simply means jury trial was waived. (§ 631, subds. (b), (f)(5).) It is not a sufficient reason for denying relief from waiver. Nor was there any concern that TriCoast was unable or unwilling to pay the required fees; in making its request for relief from waiver, TriCoast offered to post fees that very day.

The Court of Appeal opined that the trial court properly denied TriCoast's request as untimely because it was made on the first day scheduled for trial. (*TriCoast, supra,* 74 Cal.App.5th at pp. 248–249.) As a general matter, it is of course true that a party cannot wait until the morning of trial to invoke its right to a jury. But context is important here. As TriCoast made clear to the trial court, it was asking for relief from waiver because it had prepared for a jury trial demanded by the other side for some four years, and then was told, on the morning of trial, that there would be no jury after all. TriCoast made this request on the day of trial because it was not until then that its opponent waived jury trial. TriCoast's request for relief from waiver, based as it was on Fonnegra's 11th-hour decision to waive, simply could not have been made earlier than it was.

Beyond the timing issue, we can only speculate whether the trial court had other, unstated reasons for ruling as it did, and if so, what they might be. Ultimately it is unnecessary for us to decide, since, as we will explain in a moment, reversal is not warranted in any event. We do, however, offer a few observations for the benefit of courts and litigants who may find themselves in a similar position in the future. Under present law, each side must make its own timely jury demand and pay its own fees, and there is nothing to stop a party that has timely demanded a jury trial from dropping that demand on the eve of trial, or even during the trial itself. (§ 631, subds. (b) ["Payment

18

of the fee by a party on one side of the case shall not relieve parties on the other side of the case from waiver pursuant to subdivision (f)"], (f)(2), (3) [a party is free to waive jury trial "[b]y written consent filed with the clerk or judge" or "[b]y oral consent" in open court].)  If the other side objects, however, it may ask that the case go forward as a jury trial under section 631(g); it is not barred from relief under that provision merely because it has not made its own timely jury demand.

In evaluating such a request for relief, a court properly considers a host of essentially equitable factors.  An invoking party may have its reasons for belatedly deciding to waive jury after all, but to wait until the day of trial risks wasting the time and resources of the other parties (to say nothing of the prospective jurors who have taken time out from other obligations in order to be prepared to serve).  Thus, in this case, the trial court should have weighed Fonnegra's newly announced desire for a bench trial against any potential unfairness to TriCoast after it had expended resources preparing for a jury trial Fonnegra had demanded.  It should also have considered whether Fonnegra's belated withdrawal of his jury demand right before trial began was a tactical decision and, if so, whether that sort of tactical decision should be rewarded.  The trial court might additionally have considered the fact TriCoast could have sought to protect itself from any last-minute waiver on Fonnegra's part by having posted its own jury fees.  We express no views on any of these issues, nor do we suggest that the trial court's consideration was necessarily limited to the issues we have identified.  Ultimately it was for the trial court to determine in the first instance, based on a consideration of all relevant factors, whether to exercise its discretion to grant TriCoast's request.

## C.

Having addressed the proceedings in the trial court, the next — and, ultimately, dispositive — question concerns the remedies available on appeal. After denying TriCoast's request for relief from waiver, the trial court advised TriCoast that it could seek writ relief. TriCoast declined to do so, instead trying the case before the court. Now, raising the issue for the first time on appeal of the court's judgment, TriCoast argues reversal is required because of deficiencies in the trial court's handling of its request for relief from jury waiver, without regard to whether those deficiencies were prejudicial. We are not persuaded.

We begin by reviewing a few basics. "A reviewing court may exercise its jurisdiction in either a direct appeal or an extraordinary writ proceeding. [Citation.] A writ of mandate, or mandamus, is an extraordinary writ known at common law. The writ of mandate lies generally to compel performance of a legal duty when no plain, speedy, and adequate remedy at law is available. (Code Civ. Proc., §§ 1085–1086.) Review by mandate 'is often sought before trial to avoid the effect of a trial court's order or other ruling that will affect the conduct of the proceedings and that could not otherwise be challenged until after judgment is rendered.' [Citation.] Unlike the appeal following judgment, which is heard as a matter of statutory right, review by writ is at the discretion of the reviewing court. 'The discretionary aspect of writ review comes into play primarily when the petitioner has another remedy by appeal and the issue is whether the alternative remedy is adequate.' " (*People v. Mena* (2012) 54 Cal.4th 146, 153.)

For decades, California courts have "uniformly permitted a trial court's denial of a request for a jury trial to be reviewed pretrial by a petition for extraordinary writ." (*Shaw v. Superior Court* (2017) 2 Cal.5th 983, 992 [formally overruling the contrary holding of *Nessbit v. Superior Court* (1931) 214 Cal. 1, as effectively superseded by this court's clarification of the law governing extraordinary writ review in *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280].)  Indeed, the cases recognize writ review as the preferred method for securing an erroneously denied jury trial, because writ review permits the issue to be settled before trial ever begins, thus avoiding repetitive litigation and promoting judicial economy.  (See *Byram*, *supra*, 74 Cal.App.3d at p. 654 ["even if [the complaining party] could [obtain] . . . reversal of the judgment [after a bench trial], such a procedure would be inefficient and time consuming"], quoted in *Shaw*, at p. 991; see also, e.g., *Monster, LLC v. Superior Court* (2017) 12 Cal.App.5th 1214, 1224 ["[R]eview by way of extraordinary writ is 'normally . . . the better practice' so as to avoid 'time needlessly expended in a court trial' " (quoting *Selby Constructors v. McCarthy* (1979) 91 Cal.App.3d 517, 522–523)]; *Van de Kamp v. Bank of America* (1988) 204 Cal.App.3d 819, 862 ["[T]he better practice is to seek review of [a denial of a jury trial] by writ, saving the time and expense of a court trial if a jury trial improperly was denied"]; *Turlock Golf etc. Club v. Superior Court* (1966) 240 Cal.App.2d 693, 695 ["Prohibition is a proper remedy, in circumstances such as these, to test a litigant's right to a jury trial. . . .  [I]t would be inefficient and, indeed, unconscionable to refuse to ascertain its right to a jury trial at this stage of the case" (citations omitted)].)

A litigant may also choose to raise a claim related to the denial of a jury by filing an appeal after judgment. But under article VI, section 13 of the California Constitution, "[a] judgment may not be reversed on appeal . . . unless 'after an examination of the entire cause, including the evidence,' it appears the error caused a 'miscarriage of justice.' " (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574, quoting Cal. Const., art. VI, § 13.) The constitutional constraint, which applies in civil as well as criminal cases, "generally 'prohibits a reviewing court from setting aside a judgment due to trial court error unless it finds the error prejudicial.' " (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108 (*F.P.*).) This means that a litigant that might have been able to establish error on interlocutory writ review, and thus secure a writ compelling the trial court to conduct proceedings differently, typically will not be able to secure relief on direct review of the court's judgment without demonstrating *both* error in the conduct of proceedings *and* "prejudice occasioned by the error." (*People v. Mena, supra*, 54 Cal.4th at p. 158; see *ibid.* [prejudice required in postjudgment appeal raising claim of erroneous denial of a pretrial lineup]; see also, e.g., *People v. Wilson* (1963) 60 Cal.2d 139, 149–154 [prejudice required in postjudgment appeal raising claim of deprivation of statutory speedy trial rights]; *People v. Pompa-Ortiz* (1980) 27 Cal.3d 519, 529–530 [prejudice required in postjudgment appeal raising claim of improper closing of courtroom during a preliminary examination in a criminal case].)

This general rule does have an important exception: "even under article VI, section 13, an error is reversible per se when it constitutes 'a " 'structural [defect] in the . . . trial mechanism' " that defies evaluation for harmlessness.' " (*F.P., supra,*

3 Cal.5th at p. 1108.) A structural defect or error is one that affects "the framework within which the trial proceeds, rather than simply an error in the trial process itself." (*Arizona v. Fulminante* (1991) 499 U.S. 279, 310.) "A structural error requires per se reversal because it cannot be fairly determined how a trial would have been resolved if the grave error had not occurred." (*People v. Anzalone* (2013) 56 Cal.4th 545, 554.) "But '[c]ategorization of an error as structural represents "the exception and not the rule." ' (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 178 [219 Cal.Rptr.3d 265, 396 P.3d 424].) '[A] strong presumption' exists *against* finding that an error falls within the structural category, and 'it will be the rare case' where an error — even 'a constitutional violation' — 'will not be subject to harmless error analysis.' (*Anzalone, supra,* at p. 554.)" (*F.P.*, at p. 1108.)

The central question here is whether the erroneous denial of relief from a civil jury waiver falls into this exception. The parties here do not dispute that the deprivation of the constitutional right — as distinct from the denial of relief from the waiver of that right — does constitute an error warranting automatic reversal. Even before we adopted the structural error framework just described, we held that " '[t]he denial of a trial by jury to one constitutionally entitled thereto constitutes a miscarriage of justice and requires a reversal of the judgment.' " (*People v. One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283, 300, citing *Cowlin, supra,* 46 Cal.App.2d at pp. 476–477.) Since then, the Courts of Appeal have likewise consistently concluded that the erroneous denial of a civil litigant's right to a jury trial, in the absence of a waiver of the right, is subject to automatic reversal. (See, e.g., *Rincon EV Realty LLC v. CP III Rincon Towers, Inc.* (2017) 8 Cal.App.5th 1, 19 ["where, as here, no valid

waiver has occurred and a trial court has 'denied [a party] its constitutional right to [jury] trial in the first instance,' the error is structural, reversible per se" (quoting *Martin v. County of Los Angeles* (1996) 51 Cal.App.4th 688, 698)]; accord, *Valley Crest Landscape Development, Inc. v. Mission Pools of Escondido, Inc.* (2015) 238 Cal.App.4th 468, 493 [holding that it was reversible error per se to deny jury trial on an express indemnity claim where the appellant did not consent to waiver].) This conclusion is consistent with one of the core purposes of the structural error doctrine, which is "to ensure insistence on certain basic, constitutional guarantees" that "should define the framework" of any trial. (*Weaver v. Massachusetts* (2017) 582 U.S. 286, 295; see *id.* at pp. 294–296 [discussing structural error in the criminal context]; accord, *In re Christopher L.* (2022) 12 Cal.5th 1063, 1077.) The right of trial by jury is a cornerstone of our legal system, and the prejudice that results from the deprivation of the right is of the sort that cannot be measured by conventional inquiry into the likely effect of the deprivation on trial outcomes. (Cf. *Weaver*, at pp. 295–296.)

But as TriCoast acknowledges, for a party that has validly waived its jury right — as TriCoast undisputedly did here — the denial of relief from jury waiver is not the same thing as deprivation of the constitutional right of jury trial. It is, of course, true that both roads ultimately lead to the same place, which is trial to a court rather than to a jury. Yet the fundamental constitutional interests at stake differ. While the California Constitution recognizes trial by jury as an "inviolate right," it also states that the right may be waived. (Cal. Const., art. I, § 16.) Where a party has validly waived its jury right, the question whether to grant a jury trial notwithstanding waiver raises no question of the deprivation of a constitutionally

guaranteed framework for the conduct of trial. As we have explained, even in criminal cases "[i]t is well established that a waiver of a jury trial, voluntarily and regularly made, cannot afterward be withdrawn except in the discretion of the court." (*People v. Chambers* (1972) 7 Cal.3d 666, 670; accord, *Gonzales, supra*, 20 Cal.3d at p. 507.) A party that has waived its right to a jury trial no longer has that right, because it either affirmatively waived it or opted not to invoke it in the first instance. That party does not have a right to a jury trial, constitutional or otherwise. That is different from a situation where a party that has properly invoked its jury trial right and had that right wrongly denied — where, that is, the party has been deprived of the constitutional right it did not give up in the first place.

In view of this difference, a number of appellate courts have said that a showing of prejudice resulting from the denial of relief is generally required to justify reversing the judgment on appeal. (*McIntosh, supra*, 151 Cal.App.3d at p. 364, fn. 2 [prejudice required to justify reversing judgment where trial court had found that the party " 'was playing games all along with this idea of a jury trial' "]; see *id.* at pp. 363–364; see also *Gann, supra*, 231 Cal.App.3d at p. 1704 [reciting the same rule in dicta]; *Byram, supra*, 74 Cal.App.3d at p. 653 [same].)

The court in *Byram* explained why such a rule makes practical sense: " 'Defendants cannot play "Heads I win, Tails you lose" with the trial court.' Reversal of the trial court's refusal to allow a jury trial after a trial to the court would require reversal of the judgment and a new trial. It is then reasonable to require a showing of actual prejudice on the record . . . ." (*Byram, supra*, 74 Cal.App.3d at p. 653, quoting *Tyler v. Norton* (1973) 34 Cal.App.3d 717, 722, and citing *Oakes*

*v. McCarthy Co.* (1968) 267 Cal.App.2d 231, 265.) Other courts have explained why the rule makes sense of the law: Errors in exercising section 631(g) discretion to relieve a party from the consequences of waiver do not presumptively lead to the kind of unfairness that would justify a rule of automatic reversal. For example, in *Glogau v. Hagan* (1951) 107 Cal.App.2d 313 the court declined to reverse the judgment based on the denial of relief from jury waiver, explaining, among other things, that "prejudice cannot be presumed from the fact that appellants did not try their case to a jury"; rather, "it is presumed that they enjoyed the benefits of a fair and impartial trial as contemplated by the Constitution and the statutes." (*Id.* at pp. 318, 319; accord, *Harmon v. Hopkins* (1931) 116 Cal.App. 184, 188 [declining to presume prejudice from a court trial after the denial of an untimely jury demand when the appellants' "only complaint" was that they did not get to try their case to a jury]; *Holbrook & Tarr v. Thomson* (1956) 146 Cal.App.2d 800, 803 [same].)

In arguing for a rule of automatic reversal, TriCoast again invokes *Mackovska* and other cases treating an erroneous denial of relief from jury waiver as grounds for automatic reversal. But as the Court of Appeal here correctly observed, the *Mackovska* court "conflated denial of the right to a jury trial ' "in the first instance," ' absent any prior waiver, with denial of a motion for relief from a jury trial waiver." (*TriCoast, supra,* 74 Cal.App.5th at p. 246, quoting *Mackovska, supra,* 40 Cal.App.5th at p. 16.) For reasons we have already explained, for a party that has

validly waived its constitutional right to jury trial, the two things are not the same.[7]

The courts in the two other cases on which TriCoast relies, *Bishop* and *Simmons*, offered no analysis to support their application of a rule of automatic reversal. They instead simply cited *Byram*, *supra*, 74 Cal.App.3d at page 654 for the proposition that "the denial of a jury trial after waiver where no prejudice is shown to the other party or to the court *is prejudicial*" (italics added) — evidently overlooking the fact that *Byram* made this point in the context of granting interlocutory writ relief and was not purporting to address the prejudice necessary to justify reversing a court judgment on appeal. (See *Bishop*, *supra*, 101 Cal.App.3d at p. 825; *Simmons*, *supra*, 123 Cal.App.3d at pp. 838–839.) Indeed, *Byram* granted writ relief in part because it recognized that "[a]fter a trial to the court it may be difficult for the petitioner to establish that he was prejudiced by the denial of a jury trial." (*Byram*, at p. 654.) Neither *Bishop* nor *Simmons* offers substantive support for a general rule of automatic reversal in postjudgment appeals of section 631(g) denials.

TriCoast argues that a rule of automatic reversal is justified by the very difficulty the *Byram* court had identified, of showing how the discretionary denial of relief from jury waiver caused actual prejudice. The nature and scope of the necessary showing is beyond our inquiry here. But assuming the

---

[7] Although TriCoast strenuously argues its entitlement to relief from waiver, it does not dispute that its initial waiver was valid. We have no occasion to address any issues that may arise when a party claims that it was denied the constitutional jury right without a valid expression of "consent . . . as prescribed by statute." (Cal. Const., art. I, § 16.)

correctness of the premise, TriCoast does not establish a sufficient reason to dispense with the ordinary requirement that prejudice be shown before a judgment will be set aside or a new trial granted on the basis of an error that does not involve the actual or even arguable deprivation of the constitutional jury right.  This is not a case in which a jury invocation was properly made and improperly disregarded.  Nor is it a case where the invocation was made in substance, though in a manner technically noncompliant with the governing statute.  Rather, in this case TriCoast opted against invoking the jury right, though it would later change its mind when its opponent decided to waive his jury demand on the day of trial.  TriCoast could have sought writ review of the trial court's denial of its request for relief from waiver, but instead decided to wait until after judgment to pursue the issue.  Under these circumstances, it places no inappropriate burden on TriCoast to demand a showing of actual prejudice before we will reverse the judgment, and order a new trial, on grounds that there has been a miscarriage of justice.[8]

---

[8]    TriCoast argues that seeking writ relief would have been impractical because it did not learn that Fonnegra had withdrawn his jury demand until the first morning of trial.  But TriCoast fails to explain why it could not have sought a continuance to allow it to file a writ petition, if that is what it wished to do.

TriCoast also argues that even if it had filed a writ petition, it would not likely have succeeded.  Because TriCoast did not in fact seek writ relief, it is impossible to know.  We express no view about what, if any, showing of prejudice would be required if TriCoast had tried, and failed, to secure writ relief before challenging the judgment on appeal.

Finally, TriCoast does claim that it was prejudiced here — not because it was wrongly deprived of its constitutional right to trial by jury, but because of the time it wasted preparing for a jury trial that was demanded, then dropped, by the other side. But this is not the sort of prejudice that article VI, section 13 is concerned with. Wasted effort is unfortunate, but it is often an inevitable fact of litigation, and it is not reason enough to set aside a duly entered judgment and send the case back for a new trial — a result that would require an even greater expenditure of effort from all involved. TriCoast's concerns do not implicate the fairness of the trial it did receive, nor could they be remedied by reversing the judgment and setting the case for a new trial. (See *F.P.*, *supra*, 3 Cal.5th at p. 1112 [" 'No form of civil trial error justifies reversal and retrial, with its attendant expense and possible loss of witnesses, where in light of the entire record, there was no actual prejudice to the appealing party' "].)[9] We therefore conclude TriCoast has failed to demonstrate any actual prejudice justifying reversal of the judgment of the trial court.[10]

---

[9] TriCoast cursorily argues in its reply brief that it was "strategically disadvantaged in its trial preparation" by Fonnegra's belated and unexpected withdrawal of his jury demand. But TriCoast fails to explain how, precisely, it was "strategically disadvantaged" by presenting its case to the judge rather than a jury. Thus, even if the argument had been timely raised, we would not entertain it.

[10] We disapprove the following cases to the extent they are inconsistent with this opinion: *Mackovska v. Viewcrest Road Properties LLC*, *supra*, 40 Cal.App.5th 1; *Simmons v. Prudential Ins. Co.*, *supra*, 123 Cal.App.3d 833; *Bishop v. Anderson*, *supra*, 101 Cal.App.3d 821.

## III.

The Court of Appeal in this case was correct that the trial court can consider other factors aside from hardship to the opposing party when it is deciding whether to exercise its discretion to grant relief from a jury trial waiver. We do not, however, decide whether the trial court properly exercised its discretion here. Because TriCoast has raised the issue for the first time on appeal of the trial court's judgment, TriCoast must show it was prejudiced by the trial court's denial of its request for relief from waiver. Because TriCoast has not made that showing, reversal of the judgment is not warranted.

The judgment of the Court of Appeal is affirmed.

**KRUGER, J.**

**We Concur:**

**GUERRERO, C. J.**
**CORRIGAN, J.**
**LIU, J.**
**GROBAN, J.**
**JENKINS, J.**
**EVANS, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  TriCoast Builders, Inc. v. Fonnegra

---

<u>**Procedural Posture**</u> (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 74 Cal.App.5th 239
**Review Granted (unpublished)**
**Rehearing Granted**

---

**Opinion No.** S273368
**Date Filed:**  February 26, 2024

---

**Court:**  Superior
**County:**  Los Angeles
**Judge:**  Melvin D. Sandvig

---

**Counsel:**

Connette Law Office, Michael T. Connette; Benedon & Serlin, Judith E. Posner and Kian Tamaddoni for Plaintiff and Appellant.

Eric Bensamochan for Defendant and Respondent.

Horvitz & Levy, Andrea L. Russi and Steven S. Fleischman for the Association of Southern California Defense Counsel as Amicus Curiae on behalf of Defendant and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Judith E. Posner
Benedon & Serlin, LLP
22708 Mariano Street
Woodland Hills, CA 91367
(818) 340-1950

Eric Bensamochan
Attorney at Law
9025 Wilshire Boulevard, #215
Beverly Hills, CA 90211
(818) 574-5740